USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 7, 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JESKA SAND, et al., on behalf of themselves :
and all others similarly situated,
:
                      Plaintiffs,                    08 Civ. 7840 (PAC)
:
  -against-                         ORDER
:
STEVEN GREENBERG, et al.,
:
                      Defendants.
-----------------------------------------------------------------x

       HONORABLE PAUL A. CROTTY, United States District Judge:

The parties are in a dispute concerning the correct interpretation of Defendants' Offer of Judgment, pursuant to Rule 68 ("Offer"), dated November 12, 2009, which reads in pertinent part:

> Pursuant to Rule 68 (Defendants) offer to allow judgment to be taken against it with respect to the action filed by (Plaintiffs) in the amount of $525,000, on a class wide basis, inclusive of all damages, liquidated damages and/or interest plus reasonable attorneys' fees, costs and expenses actually incurred, to which plaintiffs may be entitled to by law, to be determined by the Court.

Four days later, on November 16, 2009, Plaintiffs' counsel served a Notice of Acceptance of Defendants' Offer of Judgment Pursuant to Rule 68 ("Notice of Acceptance"), which stated:

> PLEASE TAKE NOTICE that, pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiffs accept Defendants' Offer of Judgment Pursuant to Rule 68. Defendants' Offer of Judgment Pursuant to Rule 68 is attached hereto as Exhibit A.

Attached as Exhibit A was a true copy of Defendants' November 12, 2009 Rule 68 Offer of Judgment. Plaintiffs filed the Offer and Notice of Acceptance (Docket Entry

160). Since Plaintiffs served a "written notice accepting the offer" (Fed. R. Civ. P. 68(a)), Plaintiffs sought to file a Proposed Final Judgment ("Proposed Judgment"), also dated November 16, 2009, which recited:

> Defendants . . . in the above captioned action having offered on November 12, 2009 pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiffs to take judgment against it in the amount of FIVE HUNDRED, TWENTY-FIVE THOUSAND DOLLARS ($525,000) plus reasonable attorneys' fees, costs and expenses actually incurred, to which Plaintiffs may be entitled by law, to be determined by the Court (See Ex. A)[1] and Plaintiffs having accepted this offer of judgment on November 16, 2009 (See Ex. B),[2] it is hereby
>
> ORDERED, ADJUDGED AND DECREED that:
>
> Final judgment is entered in favor of Plaintiffs against Defendants . . . and
>
> Defendants . . . are to pay Plaintiffs the amount of FIVE HUNDRED, TWENTY-FIVE THOUSAND DOLLARS ($525,000) plus reasonable attorneys' fees, costs and expenses actually incurred to which Plaintiffs may be entitled by law, to be determined by the Court.

Immediately thereafter, Defendants' counsel wrote to the Court protesting that the Rule 68 Offer of $525,000 was all inclusive and that attorneys' fees were part of, not in addition to, the Rule 68 Offer. Defendants' counsel did not refer to Plaintiffs' Notice of Acceptance, which appears to be appropriate as to form. Instead, counsel argued that Plaintiffs' Proposed Final Judgment was defective in that it did not mirror "the language of Defendants' Offer of Judgment." The precise defect was the Proposed Order failed to indicate that the $525,000 judgment is inclusive of attorneys' fees, costs and expenses. (Defendants' counsel's letter of 11/16/2009).

---

[1] Ex. A attached was a copy of Defendants' November 12, 2009 Rule 68 Offer.
[2] Ex. B attached was a copy of Plaintiffs' November 16, 2009 acceptance.

The Court invited the parties to a conference held on November 17, 2009, to discuss an amicable resolution. That did not occur, however, and the Court asked the parties to brief the issue. Briefing was completed on December 16, 2009, and the Court heard argument on December 17, 2009.

Defendants' first argue that the Plaintiffs' Proposed Judgment is not a valid acceptance of Defendants' Offer of Judgment because it does not mirror the terms of the Offer. The Proposed Judgment is said to be defective in three ways:

(1) it does not reflect that the monetary offer was "inclusive" of all damages;

(2) it did not state that neither the offer, nor any judgment resulting from the offer, may be construed as an admission of liability; and finally

(3) it did not state that none of the Plaintiffs had really been harmed or suffered any damages.

(Defendants' Memorandum, pg. 7, 8.)

Defendants describe these omissions as "blatant" and "brazen." In fact, they are not transgressions at all; rather, the Defendants' argument is irrelevant. The dispute here is not about how the proposed judgment should or should not be written. Indeed, while denials of liability and injury, or harm to one party, are appropriate for settlement documents and releases, it is dubious whether they are necessary or proper in a judgment. Whatever may be said about Plaintiffs' proposed judgment, it does not complete the contract. The contract was completed when Defendants' Rule 68 Offer of November 12, 2009 was accepted by the Plaintiffs on November 16, 2009. Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 272 (2d Cir. 1992) (Rule 68 offers are to be interpreted in accordance with contract rules of interpretation). Indeed, Defendants

agree with this proposition. They argue that this Court should "issue an order that Plaintiffs have in fact, accepted the Defendants' Offer as is stated on the face of it." (Def. Memo. Of Law, pg. 6.)

The Court holds that Plaintiffs properly accepted Defendants' validly tendered Rule 68 Offer. The Court turns to the correct interpretation of the offer and acceptance.

Defendants' argue that the Rule 68 Offer was unambiguous and was for a total amount of $525,000, inclusive of attorneys' fees. They rely on the bargaining history concerning settlement; the "rules of grammar;" the Merriam Webster Dictionary definition of the word "plus;" and the affidavit of an expert who teaches legal writing at a law school in Philadelphia, and who is a member of the Massachusetts Bar.

The language at issue is that judgment be taken "in the amount of $525,000, on a class wide basis, inclusive of all damages, liquidated damages and/or interest plus reasonable attorneys' fees, costs and expenses actually incurred, to which Plaintiffs may be entitled to by law, to be determined by the Court."

The Court does not need the assistance of the expert to interpret this sentence. Nor is there any need to consider either parol evidence, or the parties' bargaining history concerning a possible settlement. It is clear the parties are in dispute concerning the appropriate interpretation, but that does not mean there is ambiguity in the language Defendants wrote in their Rule 68 Offer. RJE Corp. v. Northville Industries Corp., 329 F.3d 310, 314 (2d Cir. 2003). The Court can resolve the issue by looking at the language of the Rule 68 Offer, recognizing that "if there is any occasion in civil litigation which calls for caution and care by counsel, it is the drafting of a Rule 68 Offer," Laskowski v.

4

Buhay, 192 F.R.D. 480, 482 (M.D. Pa., 2000) (quoting Taylor v. General Motors Div., No. 97-2988 1998 U.S. Dist. LEXIS 9386 at *5 (E.D. Pa., June 24, 1998).

Defendants' first argument is that the words "inclusive of" include all that comes after it. That might be so if Defendants had written: "inclusive of all damages, liquidated damages, interest, attorneys' fees, costs, expenses actually incurred . . . ." Defendants did not do so. Instead, they wrote as they did adding "and/or," "plus" and "and." By writing as they did, they limited the scope of the word "inclusive" to what immediately followed "damages, liquidated damages and/or interest." The word "plus" starts a new phrase and a new train of thought.

Next, Defendants' argue that the rules of grammar compel the conclusion that "inclusive" includes everything, including attorneys' fees. Here, the argument is based on the use of commas: "items in a series are normally separated by commas." Under Defendants' common law of commas, its offer consists of three parts:

(1) damages;

(2) liquidated damages and/or interest plus attorneys' fees; and

(3) costs and expenses actually incurred.

This, of course, makes no sense. Logically, damages, liquidated damages and interest belong together because they reflect what plaintiffs receive for violations of the Fair Labor Standards Act and the New York Labor Law. FLSA and New York Labor Law awards certainly includes damages, and in appropriate circumstances, liquidated damages, together with pre and/or post judgment interest. Attorneys' fees spring from an entirely different source. They are not meant to compensate plaintiffs, but rather to encourage members of the bar to provide legal services to those whose wage claims

might otherwise be too small to justify the retention of able, legal counsel. But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.

The absence of a comma after the word "interest" is of no moment. The word "plus" clearly separates damages – which are included in the offer of $525,000 – from attorneys' fees, costs and expenses, which are not. There is no basis for Defendants' comma theory and the Court rejects it.

Next, the Defendants argue that considering the language of the entire Rule 68 Offer, it is clear that the $525,000 was intended to include attorneys' fees. Why else, Defendants ask, would the Offer include a provision that it was not admitting liability and stating that Plaintiffs were not harmed or damaged? These later two conditions are claimed to be a barrier to recovery of attorneys' fees because they demonstrate that Plaintiffs cannot be prevailing parties.

The short answer to this argument is that it ignores the fact that judgment was offered to be allowed against Defendants and by accepting the Offer, a judgment will be entered in Plaintiffs' favor, as it must be, in order to give effect to Defendants' Rule 68 Offer to pay Plaintiffs a sum of $525,000. Furthermore, Defendants' view of what constitutes a "prevailing party" is far too limited. Defendants did not offer a gift; they offered a judgment. As the Second Circuit recently held, "plaintiffs are . . . eligible for attorneys' fees if they 'achieve some material alteration of the legal relationship' between them and their adversaries, *and* that change bears a 'judicial imprimatur.'" Perez v. Westchester County Dep't of Corr., 587 F.3d 143, 149 (2d Cir. 2009) (quoting Roberson v. Guiuliani, 346 F.3d 75, 79-80 (2d Cir. 2003)).

Defendants also argue that the Merriam Webster Dictionary supports their interpretation. Their expert recites in her affidavit and Defendants' memo of law quotes the dictionary as follows:

> "the word 'plus' has long been used with a meaning equivalent to <u>and</u> and people have come to use <u>plus</u> as a conjunction much like <u>and</u>."

Based on this definition, Defendants submit that "plus" means "and;" and because if Defendants had used "and" instead of "plus" there would be no argument about attorneys fees, Defendants conclude that they must prevail.

Defendants must concede that they did not use the word "and"; they chose to use the word "plus." Further, in quoting from the online version of the Merriam-Webster Dictionary, they fail to quote the entire entry for their selected definition of plus. <u>See</u> http://www.merriam-webster.com/dictionary/plus%5B$%5D. Defendants also fail to note that the online version of Merriam-Webster contains a number of alternative definitions for the word – definitions which contradict their interpretation of the Rule 68 Offer. Had Defendants gone to the books, they would have discovered that the definition of "plus" analogous to their selection from the online dictionary provides, in its entirety:

> Plus *conj* (1968): AND — chiefly in oral use &lt;if you want to make a super investment, ~ you don't happen to be rich — *radio advt*&gt;
> ***Usage*** The preposition *plus* has long been used with a meaning equivalent to *and* (as in "two *plus* two"); it is not, therefore, very surprising that in time people have begun to use it as a conjunction like *and*. <u>It occurs mainly in spoken English and is likely to attract unfavorable notice in serious writing</u>.

Webster's Ninth New Collegiate Dictionary 906 (9th ed. 1985) (emphasis supplied to last sentence). And Webster's has four other definitions of the word which precede Defendants' selection. The first entry for the definition of plus, according to Webster's,

7

is (1) "algebraically positive," (2) "having receiving or being in addition to what is anticipated," (3) . . . (b) "greater than specified." The second entry for plus is "an added quantity." The third definition for plus is "increased by," as in principal plus interest.

Selective quotation from the dictionary, and an attempt to use the meaning of the word "plus" which is based on popular spoken English rather than correct usage, is not adequate support for Plaintiffs' argument that "plus" should be interpreted as "and."

The Rule 68 Offer of November 12, 2009 cannot be reinterpreted, really revised, as Defendants wish, to substitute the word "and" for "plus" or add the word "all" to inclusive. The language must be interpreted as it is written. As written, "plus" means "in addition to;" "greater than specified;" "an added quantity;" or "increased by." Applying that definition, the contested sentence is interpreted to mean that the $525,000 includes the damages, liquidated damages and/or interest which Plaintiffs' claim on account of alleged violations of the Federal Fair Labor Standards Act and the New York State Labor Law. In addition to that amount, "plus" in other words, reasonable attorneys' fees, costs and expenses actually incurred which will be determined by the Court, unless the parties can come to an agreement.

This use of the "plus" recognizes that there are two distinct series of items – one for those who claim injury which is included in the $525,000; and the other for those who provided legal services and incurred costs and expenses. These items are not included in the $525,000, and will be determined by the Court.

The Court recognizes that Defendants are claiming that they meant something different from what they wrote. But due care must be taken by counsel in drafting a Rule 68 Offer. <u>Laskowski v. Buhay</u>, 192 F.R.D. 480, 482 (M.D. Pa., 2000). Further, it must

be assumed sophisticated lawyers can use words appropriately so that they express precisely what is intended. See <u>International Fidelity Insurance Co. v. County of Rockland</u>, 98 F. Supp. 2d 400, 412 (S.D.N.Y. 2000). And to the extent there is any ambiguity in the Defendants' chosen language, "under the principle of *contra proferentum*, courts are to construe ambiguous contract terms against the drafter." <u>Newman & Schwartz v. Asplundh Tree Expert Co., Inc.</u>, 102 F.3d 660, 663 (2d Cir. 1996). In <u>Harrell v. Van Der Plas</u>, 08 Civ. 8252 (GEL) 2009 U.S. Dist. LEXIS 104828 at *25 (S.D.N.Y. November 4, 2009), the plaintiff accepted an Rule 68 Offer of $7,500, but the offer was silent on attorney's fees, which plaintiff's attorney separately sought. Defendant argued that the offer was intended to be all inclusive. Judge Lynch rejected the argument. The same logic is applicable here. Defendants' language means what it says; "plus" does not mean "and", even though that is what Defendants now contend.

Until final judgment, no judgment need be entered. Before doing so, the Court must determine whether the settlement of $525,000 is appropriate for those in the collective action and the members of the proposed class. See <u>Lazzarini v. Reinwald Brothers Bakery Corp.</u>, 08-cv-2264, 2009 WL 1941215, at * 1 (E.D.N.Y. June 29, 2009); (approval of FLSA collective action settlement); <u>D'Amato v. Deutsche Bank</u>, 263 F.3d 78, 85 (2d Cir. 2001) (approval of Rule 23 class action settlement). The Court must also hear and determine the reasonableness of attorneys' fees, as well as the costs and expenses of maintaining this action. The parties may be able to stipulate to these amounts; but otherwise the Court will set a hearing date and issue its determination thereafter.

The Rule 68 Offer has been accepted by the Plaintiffs. The $525,000 Offer covers the Plaintiffs' damages, liquidated damages and/or interest. All other matters, including attorneys' fees, costs and expenses will be determined by the Court.

Dated: New York, New York
January 7, 2010

SO ORDERED

PAUL A. CROTTY
United States District Judge