**OUTTEN & GOLDEN LLP**
Adam T. Klein
Justin M. Swartz
Juno Turner
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESKA SAND, CHRISTOPHER SCHIFFER, PATRIZZA JIMENEZ, CAROLINA KORTH, and JESSICA LLONCH, on behalf of themselves and all others similarly situated, and SARAH SANDERS, individually, <br><br> Plaintiffs, <br><br> -against- <br><br> STEVEN GREENBERG AND 230FA LLC d/b/a/ 230 FIFTH AVENUE and 230 FIFTH AVENUE ROOFTOP GARDEN, <br><br> Defendants. | 08-cv-7840 (PAC) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTIONS FOR PRELIMINARY APPROVAL OF JUDGMENT AND CLASS CERTIFICATION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 1

    I.    The Court Should Not Expand the Class Definition........................................................... 1

        A.    Having Withheld Information About the Misclassified Independent Contractors, Defendants Cannot Now Include Them As Class Members ................................. 1

        B.    Expanding the Class Definition Would Dilute Class Member Awards................. 3

    II.    Plaintiffs' Fees and Costs are Not Yet Before the Court, and Even if They Were, They Cannot Be Limited to Those Accrued Prior to the Offer................................................. 4

        A.    The Amount of Fees and Costs That Plaintiffs May Recover is Not Ripe for Ruling..................................................................................................................... 4

        B.    Plaintiffs Can Recover Their Post-Offer Attorneys' Fees and Costs ..................... 5

        C.    Defendants Have Recklessly Increased Plaintiffs' Legal Fees Since the Offer of Judgment ................................................................................................................ 6

    III.    Defendants Cannot Have a Reversion ............................................................................. 8

    IV.    Defendants Do Not Get a Release .................................................................................... 8

    V.    Service Awards are Not Yet Before the Court, and Even if They Were, The Proposed Awards Are Reasonable...................................................................................................... 9

    VI.    Defendants' Disclaimer of Wrongdoing Does Not Belong in an Order......................... 10

CONCLUSION............................................................................................................................. 10

# **TABLE OF AUTHORITIES**

**CASES**                                                                                                          **PAGE(S)**

*Clark v. Ecolab, Inc.*,
   Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 WL 6615729 (S.D.N.Y. Nov.
   27, 2009) ................................................................................................................... 4, 5, 9

*Cooper v. Fed. Reserve Bank of Richmond*,
   467 U.S. 867 (1984) ............................................................................................................ 9

*Foster v. Kings Park Central School District,*
   174 F.R.D. 19 (E.D.N.Y. 1997) ...................................................................................... 7, 8

*Grissom v. Mills Corp.,*
   549 F.3d 313 (4th Cir. 2008) ............................................................................................. 5

*Harrell v. Van Der Plas*,
   No. 08 Civ. 8252, 2009 WL 3756327 (S.D.N.Y. Nov. 9, 2009) ....................................... 7

*Jolly v. Coughlin*,
   No. 92 Civ. 9026, 1999 WL 20895 (S.D.N.Y. Jan. 19, 1999) .......................................... 7

*Khait v. Whirlpool Corp.*,
   No. 06 Civ. 6381, 2010 WL 2025106 (E.D.N.Y. Jan. 20, 2010) ..................................... 10

*Sand v. Greenberg*,
   No. 08 Civ. 7840, 2010 WL 69359 (S.D.N.Y. Jan. 7, 2010) ..................................... passim

*Torres v. Gristede's Operating Corp.*,
   No. 04 Civ. 3316, 2010 WL 2572937 (S.D.N.Y. June 1, 2010) ....................................... 5

**STATUTES**

29 U.S.C. § 216(b) ................................................................................................................ 5, 6

New York Labor Law § 198.1-a .............................................................................................. 6

**OTHER AUTHORITIES**

12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3005.1 (2d ed.) ................ 7

**PRELIMINARY STATEMENT**

The Court should reject Defendants far-fetched arguments that the class (but not the amount available to it) should be expanded, that Plaintiffs' attorneys' fees should be arbitrarily limited, that Defendants should get some of their money back, that class members should have to execute a broad release, and that the class representatives should not get reasonable service payments.  Most of these issues are not ripe and should not have been raised here.  Others reflect Defendants' misunderstanding (or refusal to acknowledge) that they did not settle this case – they offered to have judgment taken against them.  The Court should reject Defendants' latest attempt to rewrite their offer of judgment with terms more favorable to them than what they offered in the first place.

**ARGUMENT**

I.  The Court Should Not Expand the Class Definition.

The Court should reject Defendants' claim that the class should be expanded to include an unknown number of individuals[1] that Defendants have misclassified as "independent contractors" (the "Misclassified Independent Contractors") and have always maintained were not class members.  Endorsing Defendants' shameless grab for more peace than they bought would prejudice the true class members because it would substantially dilute their awards.

> A.  Having Withheld Information About the Misclassified Independent Contractors, Defendants Cannot Now Include Them As Class Members.

In their Second Amended Complaint, Plaintiffs brought claims on behalf of a Fed. R. Civ. P. Rule 23 class consisting of "all persons who have worked as bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers" and an FLSA collective

---

[1]  During their attempt to narrow the disputed issues in the current motion, Plaintiffs requested that Defendants provide this information, but they refused to do so.

defined as "all similarly situated persons who have worked at 230 Fifth as bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers who elect to opt-in to this action." (Second Amended Complaint, docket no. 133, at ¶¶ 43, 53. On April 6, 2009, with Defendants' consent, the Court authorized Plaintiffs to send notice to approximately 400 workers. (*See* Swartz Decl. Ex. A (Transcript of April 6, 2009 court conference) 3:18-6:23 (modifying terms of proposed notice).) The group to which notice issued was defined as "all current and former bartenders, barbacks, servers, cocktail waitresses, cocktail servers, bussers or runners of 230 Fifth Avenue or 230 Fifth Avenue Rooftop Garden." (*See* Swartz Decl. Ex. B (Notice to Class Members).)

Three months after notice issued, Plaintiffs discovered that, in an apparent effort to avoid further liability in this case, Defendants had hired the Misclassified Independent Contractors and classified them as non-employees under the wage and hour laws.[2] (*See* Swartz Decl. Exs. C (Deposition Transcript of K. Stafford ("Stafford Tr.") dated July 22, 2009) 70:16-71:7; D (Deposition Transcript of S. Greenberg ("Greenberg Tr.")) 146:4-147:5.) Defendants omitted the Misclassified Independent Contractors from the class list that Defendants provided to Plaintiffs for § 216(b) notice purposes (Swartz Decl. Ex. D (Greenberg Tr.) 184:20-185:4) and, at the time notice issued, Plaintiffs did not know they existed. The Misclassified Independent Contractors did not receive § 216(b) notice. (Swartz Decl. ¶ 7.) Despite repeated requests, Defendants provided no data about their wages, hours, or tips that would have allowed Plaintiffs to calculate their damages. (Swartz Decl. ¶ 8 & Exs. E (letter from L. Schwartzreich to E. Freedberg dated July 27, 2009), F (email from L. Neilan to E. Freedberg dated September 3,

---

[2]   Defendants had apparently occasionally used such contractors in the past, but began to staff private events exclusively with Misclassified Independent Contractors in early 2009. (Swartz Decl. Ex. C (Stafford Tr.) at 70:16-71:7.)

2009).)  The Misclassified Independent Contractors were never part of any of the parties' settlement negotiations, including the series of negotiations following the Court's ruling on Defendants' Rule 68 Offer.  (Swartz Decl. ¶ 9.)

Plaintiffs also inquired about the Misclassified Independent Contractors at Defendant Greenberg's deposition.  Defendants objected and stated that these independent contractors were not class members.  (Swartz Decl. Ex. D (Greenberg Tr.) 181:23-185:15.)[3]  On November 11, 2009, after it became clear that Defendants had omitted the Misclassified Independent Contractors from the class list, Plaintiffs asked Defendants' counsel about them and demanded that they receive notice.  (Swartz Decl. ¶ 10 & Ex. G (Email, dated November 11, 2009 from L. Schwartzreich to C. Richmond).)  Defendants' counsel ignored this request.  (Swartz Decl. ¶ 10.)

In a remarkable about-face, for the first time, Defendants now claim that the class should be expanded to include the Misclassified Independent Contractors and that they should share in the distribution of the Judgment.   (Defendants' Response to Plaintiffs' Motion for Preliminary Approval of Judgment and Motion for Class Certification ("Response") at 2.)  Defendants' chutzpah is impressive.  Just days before they served the offer of judgment, they claimed that the Misclassified Independent Contractors were "not a part of this case."  (*See* Swartz Decl. Ex. D (Greenberg Tr.) 184:2-3.)

        B.     Expanding the Class Definition Would Dilute Class Member Awards.

Not only would including the Misclassified Independent Contractors in the class reward Defendants' misbehavior, it would prejudice the actual class members by substantially diluting their awards.  Assuming a 100% participation rate, each of the approximately 400 real class members will receive an average award of approximately $1,300.  (Swartz Decl. ¶ 11.)

---

[3]     If the Misclassified Independent Contractors have valid claims for unpaid wages and misappropriated tips, they can raise them in another case, not this one.

Including the Misclassified Independent Contractors would substantially reduce the average per-class member payout.  (*Id.*)

When Plaintiffs' counsel evaluated the offer of judgment, they did not account for the Misclassified Independent Contractors because they had never been part of any prior settlement discussions or any other part of the case.  (Swartz Decl. ¶ 12.)  Even if they had wanted to account for them, Plaintiffs would have been unable to do so because Defendants never produced any documents about their earnings or hours worked.  (*See* Swartz Decl. ¶ 8.)

Had Defendants intended their offer to include the Misclassified Independent Contractors, they should have written, "including the independent contractors that Defendants had previously maintained were not part of the class" in their Offer.  As the court has already held, "[t]he Rule 68 Offer of November 12, 2009 cannot be reinterpreted, really revised, as Defendants wish[.]"  *Sand v. Greenberg*, No. 08 Civ. 7840, 2010 WL 69359, at *4 (S.D.N.Y. Jan. 7, 2010).

II.   Plaintiffs' Fees and Costs are Not Yet Before the Court, and Even if They Were, They Cannot Be Limited to Those Accrued Prior to the Offer.

   A.   The Amount of Fees and Costs That Plaintiffs May Recover is Not Ripe For Ruling.

Defendants' argument that Plaintiffs should not be reimbursed for their fees and costs, including the cost of a third-party claims administrator, after the offer of judgment is not only wrong, it is not ripe.  The motion before the Court is a motion for preliminary approval of the offer of judgment and authorization to notify the class about it.  If the Court grants this motion and notice issues, Plaintiffs will file a final approval motion and, along with it, a motion for reimbursement of attorneys' fees and costs.  This is the standard process for approving a class action settlement, *see, e.g.*, *Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672,

4

2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ("preliminary approval . . . requires only an 'initial evaluation' of the fairness of the proposed settlement on the basis of written submissions and an informal presentation by the settling parties."), and should be applied to this situation as well. When Plaintiffs file their petition for attorneys' fees and costs, they will include the settlement administrators' costs – Defendants can object then.[4]

               B.        Plaintiffs Can Recover Their Post-Offer Attorneys' Fees and Costs.

An objection to Plaintiffs' fee petition on the grounds that post-offer costs are not chargeable would be without merit. Unlike *Grissom v. Mills Corp.*, where an individual plaintiff accepted an individual offer of judgment and the clerk entered judgment on the same day, 549 F.3d 313, 317 (4th Cir. 2008), this case is a class action and judgment has yet to be entered. A class offer of judgment is different than an individual offer of judgment because a class offer of judgment requires an approval process. *See Sand*, 2010 WL 69359, at *5 (before entering final judgment, "the Court must determine whether the settlement of $525,000 is appropriate for those in the collective action and the members of the proposed class").[5]

---

[4] Defendants' claim that Plaintiffs' counsel should administer distribution of the judgment is against their own interests. If Plaintiffs' counsel administer the notice process and fund distribution in-house, they will accrue more in attorneys' fees than they would pay a professional third-party administrator. (*See* Swartz Decl. ¶ 18 (describing costs of recent in-house notice distribution for 29 U.S.C. § 216(b) collective).) Parties routinely use claims administrators to facilitate notice and distribution of money in cases like this. *See, e.g.*, *Clark*, 2009 WL 6615729, at *3, *6-7 (granting preliminary approval of settlement including use of claims administrator); *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2010 WL 2572937, at *2, *4 (S.D.N.Y. June 1, 2010) (same).

[5] When they made their Offer, Defendants – and their counsel, seasoned wage and hour practitioners – understood that an approval process would necessarily follow its acceptance, and they certainly understood that Plaintiffs' fees would continue to mount during that process. Defendants acknowledged this reality in letters and briefs. (Swartz Decl. Exs. N (Defendants' brief regarding the Rule 68 dispute) at 6; I (Letter, dated November 3, 2010, from C. Richmond to the Court). During a court conference on December 18, 2009, Defendants agreed when the Court noted that approval and attorneys' fees briefing would require additional work. (Swartz Decl. Ex. M (Transcript of December 18, 2009 court conference) 36:5-22.)

The FLSA requires that successful plaintiffs be awarded their attorneys' fees and costs upon judgment.  29 U.S.C. §216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.") (emphasis added).   The New York Labor Law contains a similar provision.  N.Y. Lab. L. § 198.1-a ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee reasonable attorney's fees…."). Only after such a process can final judgment be entered.  *See Sand*, 2010 WL 69359, at *5.

        C.      <u>Defendants Have Recklessly Increased Plaintiffs' Legal Fees Since the Offer of Judgment.</u>

Defendants should not be allowed to multiply the proceedings and, at the same time, cut off Plaintiffs' attorneys' fees and costs.  From the time that Plaintiffs accepted the offer of judgment, Defendants have litigated this matter vigorously.  The most recent example of this is their unnecessary opposition to this motion, and their unwillingness to discuss their objections, (Swartz Decl. ¶ 17 & Exs. J (Email, dated September 1, 2010, from J. Turner to E. Freedberg), K (Email, dated October 5, 2010, from J. Turner to E. Freedberg), which made this reply necessary.

Moreover, Defendants' counsel's inconsistent behavior has further complicated things.  On September 1, 2010, the General Counsel and the Administrative Partner from Defendants' law firm came to New York to meet with Plaintiffs' counsel about resolving this matter.  (Swartz Decl. ¶ 16.)  At this meeting, Plaintiffs offered to mediate the matter again with any management lawyer Defendants chose as the mediator.  (*Id.*)  In an email dated September 21, 2010, Defendants' counsel accepted this offer.  (Swartz Decl. ¶ 16 & Ex. H (Email, dated September 21, 2010, from T. Paradise to J. Swartz).  Shortly thereafter, Defendants opposed Plaintiffs'

6

request for an extension of time to draft this reply brief, causing Plaintiffs to incur more fees. (Swartz Decl. ¶ 16 & Ex. I (Letter, dated November 3, 2010, from C. Richmond to the Court).)

Finally, if Defendants wanted to limit the fees and costs included in their offer of judgment to pre-offer fees and costs, they should have said so in their offer of judgment. *Sand*, 2010 WL 69359 at *5 ("The Court recognizes that Defendants are claiming that they meant something different from what they wrote. But due care must be taken by counsel in drafting a Rule 68 Offer."). Defendants' offer of judgment does not "specifically limit[] the amount of attorneys' fees and costs to those fees and costs recoverable by Plaintiffs that were incurred prior to the date of the Offer of Judgment." (Response at 5.) The only limitation that the Offer includes is that fees and costs must be "actually incurred." (Swartz Decl. Ex. K (Offer).)

An offer must be clear and unambiguous in order to successfully limit fees and costs:

> If the defendant is obliged to pay plaintiff's fees as awarded by the court, there remains the question whether those fees include amounts expended on the fee petition itself. As a general matter, such fee-collection activities are compensable under some statutes, and they presumably should be where fees are set by the court pursuant to a Rule 68 offer of judgment. But here again defendants can provide otherwise in their offers; if the offer *explicitly limits* the fee award to fees incurred before the date of the offer, further legal work should not be included.

12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 3005.1 (2d ed.) (emphasis added); *see also Jolly v. Coughlin*, No. 92 Civ. 9026, 1999 WL 20895, at *4 (S.D.N.Y. Jan. 19, 1999) (citing *Erdman v. Cochise County*, 926 F.2d 877, 880 (9th Cir. 1991) for proposition that a waiver or limitation on attorneys' fees in a Rule 68 offer must be clear and unambiguous); *Harrell v. Van Der Plas*, No. 08 Civ. 8252, 2009 WL 3756327 at *6-7 (S.D.N.Y. Nov. 9, 2009) (Lynch, J.) (awarding fees for time expended without limiting them to period prior to offer of judgment).[6]

---

6   In *Foster v. Kings Park Central School District*, the defendant's offer included the words "to date." 174 F.R.D. 19, 22 (E.D.N.Y. 1997). The Court held that "to date" was sufficiently

III.     Defendants Cannot Have a Reversion.

The Court should reject Defendants' efforts to recoup some of their offer of judgment by seeking a reversion of unclaimed funds.  First, this argument is premature.  All that this motion seeks is Court authorization to notify the class of the offer of judgment.  Whether a reversion is appropriate is not relevant.  At this point, we do not know whether there will be any unclaimed funds.

Moreover, Defendants cite no rule or case that allows them this relief.  While defendants are sometimes able to bargain for a reversion in a settlement, this is not a settlement.  It is a judgment.  *See Sand*, 2010 WL 69359, at *3 ("The short answer to this argument is that it ignores the fact that judgment was offered to be allowed against Defendants and by accepting the Offer, a judgment will be entered in Plaintiffs' favor, as it must be, in order to give effect to Defendants' Rule 68 Offer to pay Plaintiffs a sum of $525,000.").  If Defendants wanted the judgment to provide for reversion of unclaimed funds, they should have drafted their offer of judgment accordingly.  *See id.* at *4 ("[t]he Rule 68 Offer of November 12, 2009 cannot be reinterpreted, really revised, as Defendants wish . . . .") .

IV.     Defendants Do Not Get a Release.

Defendants did not settle this case – they offered to have judgment taken against them. *See Sand*, 2010 WL 69359, at *3 (noting that "judgment was offered to be allowed against Defendants").  Parties that settle cases bargain for releases.  A Rule 68 offer does not come with a release.  Defendants cite no authority to the contrary.

---

"clear and unambiguous" to limit fees and costs to those incurred prior to the offer.  *Id*. at 29. Unlike the defendants in *Foster*, Defendants here failed to use any language limiting fees and costs to those incurred "to date."

Defendants misunderstand Plaintiffs' Proposed Notice. Defendants claim that the Proposed Notice "acknowledges that Class Members are releasing Defendants from any and all wage and hour claims that could have been raised in the instant lawsuit." (Response at 11.) It does not. Plaintiffs' Proposed Notice simply informs Class Members that, if they do not opt-out, they will be unable to pursue another lawsuit against Defendants "about the legal issues in this case." (Proposed Notice at 4.) This is not a release, it is the effect of the judgment that the Court will enter.

Entry of judgment in a class action does not "release" anything. It creates claim preclusion. Entry of judgment will foreclose future claims by Class Members for the claims raised in this lawsuit. *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984) ("There is of course no dispute that under elementary principles of prior adjudication a judgment in a properly entertained class action is binding on class members in any subsequent litigation.") It will not release any other claims, including the panoply of rights Defendants seek to force Class Members to waive for no reason.

### V. Service Awards Are Not Yet Before the Court, and Even if They Were, The Proposed Awards Are Reasonable.

Defendants' argument that the Court should deny Plaintiffs' request for service payments is not only wrong, it is not ripe. The motion before the Court is a motion for preliminary approval of the offer of judgment and authorization to notify the class about it. If the Court grants this motion and notice issues, Plaintiffs will file a final approval motion and, along with it, a motion for class representative service payments. This is the standard process for approving a class action settlement, *see, e.g. Clark*, 2009 WL 6615729, at *3 (S.D.N.Y. Nov. 27, 2009) ("preliminary approval . . . requires only an 'initial evaluation' of the fairness of the proposed

9

settlement on the basis of written submissions and an informal presentation by the settling parties."), and should be applied to this situation as well.

In any event, Plaintiffs' request for modest $10,000 service payments is reasonable and in line with service payments in similar cases, *see, e.g.*, *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (approving service awards of $10,000 and $15,000 to named plaintiffs) , especially given the class representatives' valuable assistance in investigating the case, working with Plaintiffs' counsel, and participating in discovery, and resolving individual retaliation claims (Plaintiff Sanders).

VI.     Defendants' Disclaimer of Wrongdoing Does Not Belong in an Order.

Although Plaintiffs do not believe that it is appropriate for a court order to contain a denial of wrongdoing on behalf of a party, if Defendants insist that the judgment include such language and the Court finds it permissible, Plaintiffs do not object.

## CONCLUSION

For the reasons stated above, the Court should sign Plaintiffs' proposed Order as drafted.