IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JESKA SAND, CHRISTOPHER SCHIFFER,
PATRIZZA JIMENEZ, CAROLINA KORTH, and
JESSICA LLONCH, on behalf of themselves and all
others similarly situated, and SARAH SANDERS,
individually,

          Plaintiffs,

-against-

STEVEN GREENBERG AND 230FA LLC d/b/a/
230 FIFTH AVENUE and 230 FIFTH AVENUE
ROOFTOP GARDEN,

          Defendants.

08-cv-7840 (PAC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 22 MAR 2011

[PROPOSED] ORDER GRANTING PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL, CLASS
CERTIFICATION, AND APPOINTMENT OF CLASS COUNSEL

On September 8, 2008, Plaintiffs filed a class and collective action complaint alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). (Complaint, docket number 1, ¶¶ 80-133.) The parties agreed to preliminary certification and court-approved notice of the FLSA claims, and 91 individuals opted in to the action. (Declaration of Justin M. Swartz in Support of Plaintiffs' Motion for Preliminary Approval, Class Certification, and Appointment of Class Counsel ("Swartz Decl.") ¶ 14.) The parties engaged in document discovery and each took numerous depositions. *Id.* at 15. On November 12, 2009, Defendants made a Rule 68 offer of judgment (the "Offer of Judgment") for $525,000 plus attorneys' fees and costs. *Id.* ¶ 17 & Ex. D. On November 16, 2009, Plaintiffs accepted the Offer of Judgment. *Id.* ¶ 19 & Ex. E. Immediately after Plaintiffs' acceptance, Defendants repudiated their offer. *Id.* ¶ 20. At a conference on November 17, 2009, the Court invited the

parties to resolve the issue amicably, and when no such resolution was forthcoming, invited them to submit briefing. *See Sand v. Greenberg*, No. 08 CV 7840, 2010 WL 69359, at *1 (S.D.N.Y. Jan. 7, 2010).

On January 7, 2010, the Court ruled that Defendants' Offer of Judgment was not all-inclusive, as Defendants contended. *Sand*, 2010 WL 69359, at *4. As part of this ruling, the Court noted that, because the Offer of Judgment was a class-wide offer, it would require Court approval. *See id.* at *5.

Presently before the Court are (1) Plaintiffs' Motion for Preliminary Approval of the Sufficiency of the Offer of Judgment, the Allocation Plan, and the Proposed Class Notice of Judgment ("Motion for Preliminary Approval"); (2) and Plaintiffs' Motion for Certification of the Settlement Class and Appointment of Class Counsel ("Motion for Class Certification").

## I.   Certification of the Proposed Rule 23 Settlement Class.

1.   Based upon the Court's review of Plaintiffs' Memorandum of Law in Support of Class Certification, the Declaration of Justin M. Swartz, and all other papers submitted, the Court grants Plaintiffs' Motion for Class Certification.

2.   The Court certifies the following class ("Class"): "All persons who have worked for Defendants as bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers from May 1, 2006 until November 16, 2009."

3.   Plaintiffs have established all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

4.   Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1), numerosity, because there are approximately 400 Class Members and, thus, joinder is impracticable. Swartz Decl. Ex.

2

ll. "[N]umerosity is presumed at a level of 40 members." *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995).

5. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2), commonality, because Plaintiffs and the members of the Class ("Class Members") share common issues of fact and law. Common questions shared by Plaintiffs and the Class Members include (1) whether Defendants kept service charges paid by customers; (2) whether reasonable customers would believe that the service charges would go to Plaintiffs and the Class Members; (3) whether keeping such service charges was unlawful; (4) whether Defendants failed to pay Plaintiffs and the Class Members at the proper overtime and minimum wage rate; (5) whether Plaintiffs and the Class Members worked "off-the-clock" without pay; and (6) whether Defendants failed to pay Plaintiffs and the Class Members spread-of-hours pay. These common questions are well suited for class adjudication. *See Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2009 WL 6583143, at *1 (S.D.N.Y. Sept. 22, 2009); *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 WL 6583142, at *1 (S.D.N.Y. Sept. 18, 2009); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 WL 5841176, at *2 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 WL 5851465, at *3 (S.D.N.Y. Mar. 31, 2009).

6. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3), typicality, because Plaintiffs' claims arise from the same factual and legal circumstances that form the basis of the Class Members' claims. Plaintiffs challenge policies and practices that applied to Plaintiffs and the Class Members. *See* Swartz Decl. Ex. B (Second Amended Complaint) ¶ 48. *Asia Five Eight LLC*, 2009 WL 6583143, at *2; *AMF Bowling Ctrs., Inc.*, 2009 WL 6583142, at *2; *Buddha-Bar NYC*, 2009 WL 5841176, at *2; *Mohney*, 2009 WL 5851465, at *3.

7.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4), adequacy, because Plaintiffs' interests are not antagonistic or at odds with those of the Class Members. *See Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 WL 2872455, at *7 (S.D.N.Y. Sept. 28, 2007). Plaintiffs' counsel, Outten & Golden LLP ("O&G") and Joseph, Herzfeld, Hester & Kirschenbaum, LLP ("JHHK"), have a record of competent and successful prosecution of large wage and hour class actions, and the attorneys working on this case are competent and experienced. *See Mohney*, 2009 WL 5851465, at *5 ("[Outten & Golden LLP's] lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions and are well-versed in wage and hour law and in class action law."); Swartz Decl. ¶¶ 6-7, 10; Declaration of D. Maimon Kirschenbaum in Support of Class Certification ("Kirschenbaum Decl.") at ¶¶ 6-7.

8.      Plaintiffs also satisfy Rule 23(b)(3), predominance and superiority. Plaintiffs satisfy predominance because common factual allegations and a common legal theory predominate over any questions affecting only individual members. Because the policies and practices Plaintiffs challenge applied to all Plaintiffs and the Class Members, Swartz Decl. Ex. B (Second Amended Complaint) ¶ 48, they are best adjudicated in a single proceeding. Where plaintiffs are "unified by a common legal theory . . . and by common facts," the predominance requirement is satisfied. *McBean v. City of New York*, 228 F.R.D. 487, 502 (S.D.N.Y. 2005); *see Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 159-61 (S.D.N.Y. 2008) (where defendant applied business practices uniformly across all stores and plaintiffs' duties were "centrally derived," question of whether defendant properly classified plaintiffs as exempt predominated); *see also Asia Five Eight LLC*, 2009 WL 6583143, at *2; *AMF Bowling Ctrs., Inc.*, 2009 WL 6583142, at *2; *Buddha-Bar NYC*, 2009 WL 5841176, at *2; *Mohney*, 2009 WL 5851465, at *4.

9.      Class adjudication of cases like this one, challenging restaurants' payroll and

4

service charge distribution policies and practices, is superior to other available methods for fairly and efficiently adjudicating such controversies. Here, class adjudication will conserve judicial resources and is more efficient than individual adjudication for all parties, and particularly for those Class Members who lack the resources to bring their claims individually. *See Damassia*, 250 F.R.D. at 164; *Torres v. Gristede's Operating Corp.*, No. 04 Civ. 3316, 2006 WL 2819730 (S.D.N.Y. Sept. 29, 2006).

## II. Appointment of Class Counsel.

10. The Court appoints O&G and JHHK as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia*, 250 F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

11. O&G and JHHK did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims. The work that O&G and JHHK performed in litigating and obtaining a judgment in this case demonstrates their commitment to the class and to representing the class's interests. The lawyers at O&G and at JHHK have substantial experience prosecuting and settling wage and hour class actions. Swartz Decl. ¶¶ 6-7, 10; Declaration of D. Maimon Kirschenbaum in Support of Class Certification ¶¶ 6-7; *see also, e.g., deMunecas v. Bold Food, LLC*, No. 08 Civ. 0440, 2010 WL 2399345, at *2 (S.D.N.Y. April 19, 2010).

5

### III. Preliminary Approval

12.     Based upon the Court's review of all of the papers submitted, the Court grants Plaintiffs' Motion for Preliminary Approval.

13.     The Court finds that the $525,000 Offer of Judgment is "within the range of possible settlement approval." *In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 WL 6583144, at *4-5 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects"). Notice to the Class is appropriate.

14.     The Court approves Plaintiffs' proposed notice ("Notice"), which is attached as Exhibit A to this Order, and orders that it be distributed to the Class pursuant to the terms of this Order.

15.     The content of the Notice fully complies with due process and Fed. R. Civ. P. 23. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B); *Mohney*, 2009 WL 5851465, at *4.

The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *See Torres v. Gristede's Operating Corp.*, 2010

6

WL 2572937, at *3 (June 1, 2010) (finding notice that describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing adequate); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally.").

16. The Court approves Plaintiffs' proposed Approval Process:

*Selection of Claims Administrator*

a. Within five days of this Order, Plaintiffs' counsel shall solicit bids from three third-party claims administrators.

b. Within ten days of this Order, and with Defendants' input, Plaintiffs shall select a third-party claims administrator ("Claims Administrator") to administer the notice process and the process of distributing the $525,000 judgment. The Claims Administrator's fees and expenses shall be paid by Defendants as part of Plaintiffs' attorneys' fees and costs.

c. ~~Within fifteen days of~~ [By May 1, 2011] this Order, Defendants shall provide the Claims Administrator with the last known names, addresses, telephone numbers, Social Security Numbers, and email addresses of all Class Members. Plaintiffs shall supplement Defendants' submission with updated contact information they have gathered during the course of the litigation. /PC/

*Notice Process*

d. The Claims Administrator shall send the court-approved notice to Class Members within 30 days of this Order.

e. The Claims Administrator will take all reasonable steps to obtain the correct address for any Class Member for whom a Class Notice is returned as undeliverable, including performing skip traces, using any available commercial databases, calling Class Members at their last known telephone numbers, and emailing Class Members at their last known email addresses. The Claims Administrator shall resend returned class notices to Class Members up to three times.

f. Class Members shall have 90 days from the date of the first notice mailing ("Notice Period") to opt-out of the Class or to object to the sufficiency of the judgment, the allocation process, the proposed service payments, or the

retaliation payment.

*Attorneys' Fees Motion*

g.  Plaintiffs shall file their Motion for Attorneys' Fees and Costs during the Notice Period.

*Final Approval and Escrow of Judgment Amount*

h.  ~~Within ten days of this Order~~ *By May 1, 2011*, Defendants shall deposit $525,000 (the "Offer of Judgment Fund") into an interest-bearing escrow account established by the Claims Administrator. ~~Any interest accrued in the escrow account shall become part of the Settlement Fund.~~

i.  Class Counsel shall file a motion for final approval within 14 days from the end of the Notice Period.

j.  The Court will hold a final fairness hearing on _October 5, 2011 at 3:00 pm_ at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 20-C;

k.  If the Court grants final approval, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 31 days after the Court enters its Final Order and Judgment. If a party appeals the Court's Final Order and Judgment, the Effective Date of Settlement shall be the day after all appeals are finally resolved.

l.  The Claims Administrator shall disburse the Offer of Judgment Fund within 10 days of the Effective Date.

17. As part of granting preliminary approval, the Court preliminarily approves Plaintiffs' proposed plan for distributing the Offer of Judgment Fund. ("Allocation Plan") The method of allocation need not be perfect; it must only be "rationally related to the relative strengths and weaknesses of the respective claims asserted." *See Danieli*, 2009 WL 6583144, at *5.

18. Plaintiffs' proposed Allocation Plan appears to be reasonable, and is very similar to allocation plans that courts routinely approve in the context of settlement.

Under Plaintiffs' proposed Allocation Plan, each of the named Plaintiffs, Jeska Sand, Christopher Schiffer, Patrizza Jimenez, Carolina Korth, and Jessica Llonch, will apply for a service payment from the Offer of Judgment Fund that does not exceed $10,000 ("Service Payments"). Although named plaintiff service awards of this magnitude are standard in class and collective action wage and hour settlements, *see Clark v. Ecolab Inc.*, 07 Civ. 8623, 2010 WL 1948198, at *8 (S.D.N.Y. May 11, 2010) (finding service awards of $10,000 to class representatives "reasonable"), the Court will not rule on Plaintiffs' proposed Service Payments until the final fairness hearing.

19. Plaintiffs also propose that Plaintiff Sarah Sanders shall receive an additional payment of $7,500 from the Offer of Judgment Fund for her retaliation claim ("Retaliation Payment"). (*See* Swartz Decl. Ex. B (Second Amended Complaint) ¶¶ 156-75.) Like the proposed Service Payments, the Court will not rule on the Retaliation Payment, which appears to be within the range of potential approval, until the final fairness hearing.

20. Under the proposed Allocation Plan, the amount remaining in the Offer of Judgment Fund after any court approved Service Payments and the Retaliation Payment are deducted (the "Net Offer of Judgment Fund") shall be distributed according to the following formula:

   a.  Class Members shall receive one point for each week during which they were employed by Defendants between May 1, 2006 and November 16, 2009.

   b.  Class Members who filed consents to join the FLSA collective prior to November 16, 2009 shall receive one additional point for each week during which they were employed by Defendants between three years prior to the filing of the consent form and November 16, 2009.

   c.  To calculate each Class Member's proportionate share:

9

> *First:* Add all points for all Class Members together to obtain the "Total Denominator."
>
> *Second:* Divide the number of points for each Class Member by the Total Denominator to obtain each Class Member's "Portion of the Net Offer of Judgment Fund."
>
> *Third:* Multiply each Class Member's Portion of the Net Offer of Judgment Fund by the Net Settlement Fund to obtain each Class Member's "Individual Award."
>
> d. Each Class Member's Individual Award shall be designated as 50 percent wages and 50 percent liquidated damages.
>
> e. The Claims Administrator's decisions regarding Class Members' proportionate shares of the Net Offer of Judgment Fund shall be final and binding.
>
> f. If any payments made to Class Members described above are not cashed within ninety days of the check date, those payments shall be null and void and shall revert to the Offer of Judgment Fund. If such payments amount to more than $10,000, they shall be redistributed to Class Members consistent with each Class Member's Portion of the Net Offer of Judgment Fund. If such payments amount to less than $10,000, they shall be donated to the National Employment Law Project under the *cy pres* doctrine. *See Reyes v. Buddha-Bar NYC., Inc.*, No. 08 Civ. 2494, 2010 WL 2545859, at *1 (June 22, 2010) (ordering remainder of settlement fund distributed to organizations whose purpose is "closely related to the purpose of the lawsuit"). There shall be no reversion to Defendants.

This formula is similar to formulas that courts routinely approve in the settlement context.

* * *

10

21. The Court grants Plaintiffs' Motion for Class Certification, grants

Plaintiffs' Motion for Preliminary Approval, adopts the Approval Process, approves the

Class Notice, and directs that the Class Notice be distributed. The Clerk of Court shall terminate #172 and #174 from ECF.

It is so ORDERED this 22d day of March - 2011.

Honorable Paul A. Crotty
United States District Judge

11

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you were employed by 230 Fifth Avenue or 230 Fifth Avenue Rooftop Garden as a bartender, barback, waiter, cocktail waitress, busser, runner, or other hourly service worker between May 1, 2006 and November 16, 2009, you may be entitled to a payment from a judgment in a class action lawsuit.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Current and former employees have sued Steven Greenberg and 230 FA LLC d/b/a 230 Fifth Avenue and 230 Fifth Avenue Rooftop Garden ("230 Fifth" or "Defendants") claiming that they violated the Fair Labor Standards Act and New York Labor Law by requiring employees to pool their tips without their consent, misappropriating mandatory gratuities paid by private event customers, failing to pay overtime premiums, failing to compensate employees for all hours worked, failing to pay spread of hours and call-in pay, and failing to maintain accurate time records. The employees sought recovery of the misappropriated mandatory gratuities and unpaid wages and overtime premiums.

- The employees who filed the suit have obtained a judgment against Defendants. If the Court approves the Judgment, the Court will order Defendants to deposit $525,000 into a fund that will be used to pay current and former employees who qualify.

- If the Court approves the amount of the judgment, you are entitled to receive at least $ _____. This amount is the result of a formula based primarily on the number of weeks you worked for Defendants.

- Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS JUDGMENT | |
|---|---|
| **DO NOTHING** | Remain part of the case and receive the payment amount identified above. |
| **EXCLUDE YOURSELF** | Get no payment and retain your right to bring a lawsuit against defendants for the same claims as this lawsuit covers. |

QUESTIONS?
CONTACT JUNO TURNER AT OUTTEN & GOLDEN LLP AT (212) 245-1000 OR (877) 468-8836

| OBJECT | Write to the Court about why you don't like the judgment. |
|---|---|
| GO TO A HEARING | Ask to speak in Court about the fairness of the judgment. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the amount of the judgment and allocation formula. Payments will be made if the Court approves the amount of the judgment and allocation formula and after appeals are resolved. Please be patient.

# BASIC INFORMATION

### 1. Why did I get this notice?

230 Fifth's records show that you work or worked for 230 Fifth as a bartender, barback, waiter, cocktail waitress, busser, runner, or other hourly service worker between May 1, 2006 and November 16, 2009.

The Court ordered that this notice be sent to you because you have a right to know about a judgment in a class action lawsuit, and about all of your options, before the Court decides whether to approve the judgment. If the Court approves it and after objections and appeals are allowed, an administrator appointed by the Court will make the payments to each eligible employee.

This package explains the lawsuit, the judgment, your legal rights, what benefits are available, and who is eligible for them.

The Court in charge of this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Sand v. Greenberg*, No. 08 Civ. 7840. The people who filed the lawsuit are called the Plaintiffs and Steven Greenberg and 230 Fifth are the Defendants.

### 2. What is this lawsuit about?

Plaintiffs alleged that 230 Fifth violated the Fair Labor Standards Act and New York Labor Law by requiring employees to pool their tips without their consent, misappropriating mandatory gratuities paid by private event customers, failing to pay overtime premiums, failing to compensate employees for all hours worked, failing to pay spread of hours pay, and failing to maintain accurate time records. The employees sought recovery of the misappropriated mandatory gratuities and unpaid wages and overtime premiums. One Plaintiff, Sarah Sanders, also alleged that 230 Fifth retaliated against her for participating in this lawsuit.

QUESTIONS?
CONTACT JUNO TURNER AT OUTTEN & GOLDEN LLP AT (212) 245-1000 OR (877) 468-8836

Defendants deny that they did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives (in this case Jeska Sand, Christopher Schiffer, Patrizza Jimenez, Carolina Korth, and Jessica Llonch) sue on behalf of people who have similar claims. All these people are a Class or Class Members. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class. Judge Paul A. Crotty, United States District Judge for the United States District Court for the Southern District of New York, is overseeing this class action.

### 4. Why is there a judgment?

On November 12, 2009, Defendants made an Offer of Judgment to Plaintiffs and the Class Members for $525,000 plus attorneys' fees and costs. This means that Defendants agreed to have a judgment entered against them. On November 16, 2009, Plaintiffs accepted Defendants' Offer of Judgment. Therefore, a judgment will be entered requiring Defendants to pay $525,000 to the Class Members if the Court approves the amount of the judgment. There was no trial. The Class Representatives and their attorneys believe that accepting the Offer of Judgment is best for the Class Members.

## WHO IS ENTITLED TO PART OF THE JUDGMENT?

### 5. How do I know if I am part of the judgment?

Judge Crotty decided that the Class consists of all current and former employees who worked between May 1, 2006 and November 16, 2009 as a bartender, barback, waiter, cocktail waitress, busser, runner, or other hourly service worker. Defendants' records indicate that you are part of the Class.

### 6. I'm not sure if I am included.

If you are still not sure whether you are included, you can ask for free help. You can call Juno Turner at (212) 245-1000 or (877) 468-8836 for more information. You can also visit www.outtengolden.com for more information.

# THE JUDGMENT BENEFITS – WHAT YOU GET

### 7. What does the judgment provide?

The Court has ordered Defendants to create a $525,000 judgment fund to be divided among Class Members based on the number of weeks they worked for 230 Fifth. After service payments to Class Representatives and a $7,500 individual retaliation payment to Plaintiff Sanders are deducted, the net judgment fund will be distributed among Class Members.

### 8. How much will my payment be?

Based on the formula that has been preliminarily approved by the Court, you will be entitled to receive at least $ _____.

Of the $525,000 judgment, up to $50,000 may be paid to the Class Representatives, and up to $7,500 may be paid as an individual retaliation payment to Plaintiff Sanders. The remaining $467,500 is the amount to be distributed to the class. That amount will be distributed according to the following formula:

Each Class Member will receive one point for each week during which she or he was employed by Defendants between May 1, 2006 and November 16, 2009. Class Members who filed consents to join the FLSA collective prior to November 16, 2009 will receive an additional point for each week in which they were employed during the three years prior to the filing of the consent form. Each Class Member's proportional share will be calculated by dividing their total number of points by the total points for all Class Members.

# HOW YOU GET A PAYMENT

### 9. How can I get my payment?

You do not need to do anything to receive the payment identified in paragraph 8. You will receive a check if the Court grants final approval to the amount of the judgment and the allocation formula. If you choose to exclude yourself, then you will not receive a payment.

### 10. When will I get my payment?

The Court will hold a hearing on [INSERT DATE], 2010, at [INSERT TIME] to decide whether to finally approve the judgment. If it does, there may be appeals after that. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Please be patient.

### 11. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are part of the class. This means that your claims in this case will be dismissed and you may not be able to sue, continue to sue, or be party of any other

**QUESTIONS?**
**CONTACT JUNO TURNER AT OUTTEN & GOLDEN LLP AT (212) 245-1000 OR (877) 468-8836**

lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE JUDGMENT

If you do not want a payment from this judgment, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case, then you must take steps to get out. This is called excluding yourself – or is sometimes referred to as opting out of the Class.

### 12. How do I get out of the judgment?

To exclude yourself from the judgment, you must send a letter by mail saying that you want to be excluded from *Sand v. Greenberg*, No. 08 Civ. 7840. Be sure to include your name, address, telephone number, and your signature. Your exclusion request must be postmarked no later than _____, 2010 and it must be mailed to:

Claims Administrator
[INSERT CONTACT DETAILS FOR SELECTED CLAIMS ADMINISTRATOR]

If you ask to be excluded, you will not get any payment from the judgment, and you cannot object to the judgment. You will not be legally bound by anything that happens in this lawsuit.

### 13. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims in this case. If you have a pending lawsuit speak to your lawyer in that case immediately to see if this judgment will affect your other case. Remember, the exclusion deadline is _____, 2010.

### 14. If I exclude myself, can I get money from this judgment?

No. If you exclude yourself, you will not receive any money from this lawsuit.

## THE LAWYERS REPRESENTING YOU

### 15. Do I have a lawyer in this case?

The law firms of Outten & Golden LLP and Joseph, Herzfeld, Hester & Kirschenbaum, LLP represent you and other Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. You may enter an appearance through your own lawyer, if you so desire, at your own expense.

**QUESTIONS?**
**CONTACT JUNO TURNER AT OUTTEN & GOLDEN LLP AT (212) 245-1000 OR (877) 468-8836**

### 16. How will the lawyers be paid?

The lawyers will be paid separately from the $525,000 judgment. Class Counsel will file a motion with the Court asking it to approve their attorneys' fees and expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and obtaining the judgment.

In addition, Class Counsel will ask the Court to approve payments to the Class Representatives for their service to the Class in the amounts of not more than $10,000 to Plaintiffs Jeska Sand, Christopher Schiffer, Patrizza Jimenez, Carolina Korth, and Jessica Llonch. Class Counsel will also ask that Plaintiff Sanders receive an additional payment of $7,500 in settlement of her individual retaliation claim. The Court may award less than these requested amounts.

## OBJECTING TO THE JUDGMENT

You can tell the Court that you don't agree with the judgment or some part of it.

### 17. How do I tell the Court that I don't like the judgment?

If you are a Class Member, you can object to the judgment if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Sand v. Greenberg*, No. 08 Civ. 7840. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the judgment. Mail the objection to the claims administrator at the address below, postmarked no later than _____, 2010.

Claims Administrator
[INSERT CONTACT DETAILS FOR SELECTED CLAIMS ADMINISTRATOR]

### 18. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the judgment. You can object only if you stay in the Class. Excluding yourself is telling that Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. **You may not object to the judgment if you exclude yourself from it.**

**QUESTIONS?**
**CONTACT JUNO TURNER AT OUTTEN & GOLDEN LLP AT (212) 245-1000 OR (877) 468-8836**

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the amount of the judgment and the allocation formula. You may attend and you may ask to speak, but you don't have to.

**19. When and where will the Court decide whether to approve the judgment?**

The Court will hold a Fairness Hearing at [INSERT TIME] on [INSERT DATE], at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 20-C.

At this hearing the Court will consider whether the judgment and allocation formula are fair, reasonable, and adequate. If there are objections, the Court will consider them. Judge Crotty will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the amount of the judgment and the allocation formula. We do not know how long these decisions will take.

**20. Do I have to come to the hearing?**

No. Class Counsel will answer questions Judge Crotty may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required.

**21. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in *Sand v. Greenberg*, No. 08 Civ. 7840." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____, 2010 and be sent to [INSERT CLAIMS ADMINISTRATOR] at the address in paragraph 17. You cannot speak at the hearing if you exclude yourself from the judgment.

## GETTING MORE INFORMATION

**22. How do I get more information?**

You can call (212) 245-1000 or (877) 468-8836; or write to Juno Turner, Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York, 10016.

DATED: _____, 2010

**QUESTIONS?**
**CONTACT JUNO TURNER AT OUTTEN & GOLDEN LLP AT (212) 245-1000 OR (877) 468-8836**