USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

Samuel R. Miller
Paul W. Mollica

Delyanne D. Barros
Rachel M. Bien
Katherin : Blostein
Molly Brooks
Cara E. Greene
Mariko Hirose
Sonia R. Lin
Jennifer Liu
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Sandra Pullman
Lauren Schwartzreich
Michael Scimone
Dara Sussman
Juno Turner

*June 15, 2011*

*[handwritten annotations across the page]*

**Via Facsimile**

Honorable Paul A. Crotty
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 735
New York, New York 10007-1312

Re:    *Sand v. Greenberg,* 08 Civ. 7840 (PAC)

Dear Judge Crotty:

We represent Plaintiffs in the above-referenced matter. We write to provide Plaintiffs' position on the dispute outlined in Mr. Eli Freedberg's letter of May 31, 2011 regarding the scope of the class covered by Defendants' offer of judgment. The parties have attempted to resolve the issue but have been unsuccessful. We understand that Defendants will submit a statement of their position under separate cover.

On March 22, 2011, the Court granted Plaintiffs' motion for preliminary approval of Defendants' offer of judgment. On the same day, the Court certified a class defined as "All persons who have worked for Defendants as bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers from May 1, 2006, until November 16, 2009." At the oral argument on this motion, the Court rejected Defendants' argument that the class should include certain individuals who Defendants did not disclose when it produced a class list on April 22, 2009 (the "2009 Class List") and whom Defendants deemed to be independent contractors.

On May 3, 2011, Defendants produced a class list with names and contact information for purposes of administering the offer of judgment (the "2011 Class List"). The 2011 Class List contained 621 individuals, 245 more than were on the 2009 Class List, which Defendants had represented to be all individuals fitting the class definition employed through April 22, 2009. Fifty-two of the additional individuals on the 2011 Class List were hired between April 22, 2009 and November 16, 2009, the date of the offer of judgment. However, approximately 193 of the additional individuals on the 2011 Class List were hired *before* April 22, 2009 and should have been included on the 2009 Class List.

3 Park Avenue, 29th Floor New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
191 Post Road West, Westport, CT 06880   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com


MEMO ENDORSED

Honorable Paul A. Crotty
June 8, 2011
Page 2 of 2

Including these additional individuals in the offer of judgment fund would significantly dilute the claims of the individuals for whom Plaintiffs accepted the offer of judgment. By Plaintiffs' calculations, adding the additional 193 individuals hired before April 22, 2009 would increase the number of workweeks in the class by approximately 17.5%.

When Plaintiffs accepted the offer of judgment, they reasonably relied on the 2009 Class List in estimating the per-class-member value of the proposed judgment. Although Plaintiffs realized that there would be some small increase in the size of the class to account for employees hired between April 2009 and November 16, 2009, the date of the offer of judgment, they did not expect that Defendants had omitted almost 200 other individuals who were hired before they produced the 2009 Class List.

When the Court denied Defendants' efforts to include the independent contractors in the class, it rejected Defendants' efforts to squeeze more people into the offer of judgment fund than Plaintiffs had reason to believe would be included, which would have upset Plaintiffs' reasonable expectations when they accepted the offer of judgment. The same logic applies here.

Plaintiffs respectfully request that the Court rule that (1) the judgment funds should be distributed among the individuals on the 2009 Class List and the individuals who were hired between April 22, 2009 and November 16, 2009, the date of the offer of judgment, consistent with Plaintiffs' reasonable expectations; (2) the parties should negotiate to attempt to separately resolve the claims of the additional 193 individuals on the 2011 Class List who were hired before April 22, 2009 and should have been included on the 2009 Class List; (3) the claims of the additional 193 individuals on the 2011 Class List who were hired before April 22, 2009 and should have been included on the 2009 Class List are tolled as of April 22, 2009.

We thank the Court for its assistance.

Respectfully submitted,

Juno Turner

Cc:   Carolyn Richmond, Esq. (by email)
      Eli Z. Freedberg, Esq. (by email)
      Justin M. Swartz, Esq. (by email)



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Carolyn D. Richmond
Direct Dial: (212) 878-7983
Email Address: crichmond@foxrothschild.com

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

June 14, 2011

**VIA EMAIL**

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    **Sand v. Greenberg  08-cv-7840 (PAC)**

Your Honor:

This firm represents Defendants 230FA LLC d/b/a 230 Fifth and Steven Greenberg (collectively "Defendants") in the above-referenced action.  We write in response to Plaintiffs' June 8, 2011 letter to the Court concerning the scope of the class covered by the Offer of Judgment.  While the parties have been trying to resolve this issue without the Court's intervention, Plaintiffs' counsel, on June 7, 2011, unilaterally ended negotiations on this issue and submitted a letter to the Court for review and adjudication.  This letter responds to Plaintiffs' correspondence.

A little background of the dispute is necessary because many of the operative facts concerning the instant dispute occurred more than two years ago.  On March 19, 2009, following the parties' second unsuccessful attempt to reach a settlement of the Action through mediation, Plaintiffs' counsel filed a pre-motion letter with the Court requesting leave to file a motion pursuant to  29 U.S.C. § 216(b) in order to obtain permission to send a notice of pendency of a Fair Labor Standards Act lawsuit ("216(b) Notice") to all putative collective action members.  See Exhibit 1 attached.  On March 24, 2009, Defendants, in an attempt to conserve judicial resources, stipulated that Plaintiffs could send out collective action notices to putative collective action members.  See Exhibit 2 attached.  During the course of the next few weeks, the parties  negotiated the terms of the 216(b) Notice, but were unable to reach an agreement .  On March 26, 2009, during a Court status conference, Your Honor determined the exact terms of the 216(b) Notice.

Immediately after the Court determined the terms of the 216(b) Notice, Defendants' bookkeeper, Ricardo Jimenez, corresponded with ADP, Defendants' payroll processing company, and asked ADP to prepare a list of all conditional collective action members who had worked for Defendants as cocktail servers, bartenders, barbacks and runners since Defendants' restaurant and lounge opened for business.  This communication occurred sometime between the last week of March 2009 and the first week of April 2009.  In accordance with Mr. Jimenez's request, ADP prepared a list identifying 376 individuals who had worked for Defendants as  putative class members in the three years preceding the request for the list.  On April 22, 2009, Defendants produced this list to Plaintiffs' counsel ("April 22, 2009 List") and thereafter Plaintiffs' counsel mailed the 216(b) Notices to all of the identified individuals.



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Hon. Paul A. Crotty
June 14, 2011
Page 2

Recently, the Court granted Plaintiffs' motion for preliminary approval of a class action and of the Offer of Judgment Fund. In accordance with this Order, Defendants, on May 3, 2011, produced a supplemental list of all putative class and collective action members who worked between the opening of Defendants' lounge and November 16, 2009, the date of Defendants' Offer of Judgment. The May 3, 2011 List identified approximately 621 individuals.

There are three reasons why the May 3, 2011 List identifies more individuals than the April 22, 2009 List. First, approximately 52 class members were hired after Defendants produced the April 22, 2009 List. Plaintiffs' counsel concede that these individuals are class members who should receive a share of the Offer of Judgment Fund. Therefore there is no dispute between the parties concerning these 52 individuals. Second, approximately, 43 additional purported class members were hired between April 1, 2009 and April 22, 2009. Because of the overlap and lag time between the request for the list and the production of the list, ADP did not include these individuals on the April 22, 2009 List. Defendants presently assert that these individuals should receive a portion of the Offer of Judgment Funds and Plaintiffs contend that they should be excluded from the Class. Third, most of the remaining class members were short term employees who Defendants hired in 2006 and only worked during the 2006 calendar year. Unbeknownst to Defendants at the time, ADP purged these employees' names from Defendants' records and, as a result, the April 22, 2009 List did not identify these individuals. ADP, however, included class members who Defendants hired in 2006 and worked beyond that calendar year on the April 22, 2009 List. Defendants have, however, quite importantly previously identified these individuals to Plaintiffs by producing their time and payroll records in discovery. In addition, despite not receiving the FLSA notice in May 2009, these employees certainly had constructive notice of the lawsuit because of the significant amount of publicity the lawsuit generated, not the least of which resulted from the press release filed by Plaintiffs' counsel which received very wide press and internet coverage. The lawsuit was so well-known that one of these short term employees from 2006, Styles Akira, even opted-in to the lawsuit despite not having received the FLSA notice. Accordingly, Defendants should not be held accountable for the omission of these individuals from the April 22, 2009 List, since Defendants identified all of these employees in the documents produced during discovery and especially since, at the very least, all employees received constructive notice of the lawsuit at the time it was filed.

Defendants also maintain that the 43 individuals who were hired between April 1, 2009 and April 22, 2009 (and identified on the May 3, 2011 List but not the April 22, 2009 List) should receive a share of the Offer of Judgment Fund. The only reason that these employees were omitted from the April 22, 2009 List is because of the overlap and lag time between the time that Defendants hired these individuals and the time that ADP began preparing the April 22, 2009 List.[1] In fact, Plaintiffs themselves concede that they realized that there would be individuals who would not get notice because they would be hired after the time the list was prepared and acknowledged this in their June 8, 2011 letter to the Court that stated, "Plaintiffs realized that there would be some small increase in the size of

---

[1] It was always contemplated by both parties and would be a requirement under the Federal Rules of Civil Procedure that individuals hired during or after the List was prepared would receive a supplemental class and collective notice upon settlement, judgment, or final collective action certification or class action certification.



Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. Paul A. Crotty
June 14, 2011
Page 3

the class to account for employees hired **between April 2009 and November 16, 2009**" (emphasis added).

        In an attempt to prevent the employees that Defendants hired between April 1 and April 22, 2009 from receiving a share of the Offer of Judgment Fund (and thereby increasing the risk of additional duplicative litigation), Plaintiffs throw a red-herring into the mix and misleadingly try to compare this issue to the Court's decision to exclude independent contractors from the class. These issues are completely dissimilar. Following the parties' oral argument on Plaintiffs' motion for preliminary approval, the Court specifically excluded the independent contractors from the class definition because the Court believed that Defendants had taken the position throughout the litigation that the independent contractors were not class members. Specifically, the Court held that, "I believe it's the defendants' position, throughout the litigation, they were not included in the litigation, so I'm going to hold them to that position." See Exhibit 3 attached (Tr. p. 26:24-25, 27: 2-3. (March 22, 2011)). These issues are completely different because Defendants **never** argued that the individuals hired by Defendants between April 1 and April 22, 2009 were excluded from the class. In fact, the opposite has always been true. Both Defendants and Plaintiffs acknowledged that individuals hired during and after the preparation of the collective action list would receive a supplemental notice upon settlement, judgment, and/or final collective action determination. Accordingly, the class members hired between April 1 and April 22, 2009 should be included in the class and receive a share of the Offer of Judgment Fund.

        Finally, Plaintiffs seek equitable tolling for individuals who were not included in the April 22, 2009 List. Equitable tolling is inappropriate here because Plaintiffs have not shown that the individuals' omission from the April 22, 2009 List was the result of Defendants' malicious or willful behavior. Equitable tolling should be "applied only in rare and exceptional circumstances." See Copantitla v. Fiskardo Estiatorio, Inc., Index No. 09 Civ. 1608(RJH), 2011 WL 2127808, at *53-54 (May 27, 2011). In Copantitla, Judge Holwell refused to invoke the doctrine of equitable tolling even though the plaintiffs alleged that Defendants failed to make an effort to provide Plaintiffs with notice of the claims in the lawsuit. Id. at 54. Plaintiffs could not establish that Defendants engaged in any malicious or extraordinary behavior or that Plaintiffs could not have learned about their rights if they had done due diligence. The same logic applies here. This instant Action garnered a significant amount of publicity, heightened by the press release issued by Plaintiffs' counsel in September of 2008, and every employee had the opportunity to opt-in to the lawsuit. In fact, at least one of the 2006 employees who ADP omitted from the April 22, 2009 List, Styles Akira, did opt-in to the Action, and over 75 other employees filed consent-to-join notices even before the 216(b) notices were mailed in May of 2009. In addition, Defendants lack of bad-faith, as previously noted, is evidenced by the fact that they produced discovery identifying all of the aforementioned individuals. Accordingly, Defendants respectfully maintain that equitable tolling is inappropriate here. We thank the Court for its attention to this matter.

                                        Respectfully submitted,

                                        Carolyn D. Richmond

cc:     Justin Swartz, Esq.
        Juno Turner, Esq.

NY1 523214v7 06/14/11

EXHIBIT 1

**OUTTEN & GOLDEN** LLP

*Advocates for Workplace Fairness*

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Gary Phelan
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Linda A. Neilan
Carmelyn P. Malalis
Tammy Marzigliano

Allegra L. Fishel
Lewis M. Steel
Nantiya Ruan
Deborah L. McKenna
René S. Roupinian
Julia Griffin Murphy
——
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Stephanie M. Marnin
Ossai Miazad
Tara Lai Quinlan
Lauren Schwartzreich

March 19, 2009

**By Facsimile**
Honorable Paul A. Crotty
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 735
New York, New York  10007-1312

      Re:    *Sand v. Greenberg*, 08 Civ. 7840 (PAC) ("*Sand*")

Dear Judge Crotty:

      Along with Maimon Kirschenbaum of Joseph & Herzfeld LLP, we represent Plaintiffs and the putative class in the above-referenced matter.  We write to update the Court on the parties' mediation and to submit a proposed briefing schedule on Plaintiffs' motion for court-authorized notice to potential opt-in plaintiffs pursuant to 29 U.S.C. § 216(b) ("§ 216(b) Motion").

      On March 13, 2009, the parties participated in a second, all-day mediation with Bonnie Weinstock, Esq.  We were unable to reach a resolution.

      With respect to the § 216(b) Motion, during a court conference on February 2, 2009, the Court granted Plaintiffs permission to file their § 216(b) motion after the mediation, if it was unsuccessful, and directed the parties to submit a briefing schedule.  Enclosed is a proposed order, which we respectfully request that the Court "so order."

      Thank you for your attention to this matter.

                      Respectfully submitted,

                      Linda A. Neilan

Enclosure

cc:    Carolyn Richmond, Esq. (by facsimile & email)
      Eli Z. Freedberg, Esq. (by facsimile & email)
      D. Maimon Kirschenbaum, Esq. (by facsimile & email)

3 Park Avenue, 29th Floor    New York, NY 10016  Tel 212-245-1000  Fax 212-977-4005
4 Landmark Square, Suite 201  Stamford, CT 06901  Tel 203-363-7888  Fax 203-363-0333
og@outtengolden.com  www.outtengolden.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **JESKA SAND, CHRISTOPHER SCHIFFER, PATRIZZA JIMENEZ, CAROLINA KORTH, and JESSICA LLONCH, on behalf of themselves and all others similarly situated,**<br><br>**PLAINTIFFS,**<br><br>-against-<br><br>**STEVEN GREENBERG AND 230FA LLC d/b/a/ 230 FIFTH AVENUE and 230 FIFTH AVENUE ROOFTOP GARDEN,**<br><br>**DEFENDANTS.** | **08 Civ. 7840 (PAC)**<br><br>**[PROPOSED] SCHEDULING ORDER** |

IT IS HEREBY ORDERED THAT:

March 27, 2009 -- Plaintiffs' Motion for court-authorized notice pursuant to 29 U.S.C. § 216(b) ("§ 216(b) Motion") due.

April 24, 2009 – Defendants' Opposition due.

May 8, 2009 – Plaintiffs' reply due.

1.    Plaintiffs will file their motion for Plaintiffs' § 216(b) Motion by
      March 27, 2009.

2.    Defendants will serve their opposition papers by April 24, 2009.

3.    Plaintiffs will serve their reply papers by May 8, 2009.

Dated:  New York, New York                          SO ORDERED
        _____, 2009

                                                    _____
                                                    U.S.D.J.

# EXHIBIT 2



**Fox Rothschild** LLP
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

Carolyn D. Richmond
Direct Dial: 212-878-7983
E-mail: crichmond@foxrothschild.com

March 24, 2009

**VIA HAND DELIVERY**

Linda A. Neilan, Esq.
Outten & Golden, LLP
3 Park Avenue, 29th Floor
New York, NY 10016

> **Re:** ___Sand v. Greenberg___, **08 Civ. 7840 (PAC)**

Dear Ms. Neilan:

As you are aware, the undersigned represent 230FA, LLC d/b/a/ 230 Fifth and 230 Fifth Avenue Rooftop Garden ("230 Fifth"), and Steven Greenberg (collectively, "Defendants") in the above-referenced Action. We received notice that the Court entered Plaintiffs' briefing schedule concerning Plaintiffs' proposed motion for conditional collective action certification pursuant to 29 U.S.C. § 216(b). By this letter, Defendants consent to the entry of notice in the form attached hereto. Should Plaintiffs seek a broader notice, which we believe would be improper, Defendants will oppose such a motion. However, should Plaintiffs accept issuance of the notice attached hereto without further motion practice relating to Section 216(b) notice, Defendants will, within a reasonable time following entry of an Order of the Court approving such notice, provide to putative collective action counsel the names and last known addresses of Defendants' non-managerial tipped employees who have been employed by 230 Fifth on or after October 29, 2006 and who believe that they can assert federal claims against Defendants. Specifically, Defendants consent to Section 216(b) notice informing such employees of their right and opportunity to choose to opt-in to this action if they claim:

- that they worked off-the-clock during their regular (non private event) shifts;

- they worked during private events hosted by Defendants and claim that they were not compensated at the minimum wage for approximately one hour of allegedly compensable time for early reporting and set-up relating to these private events;

- they worked in excess of forty hours in a workweek and were not paid overtime premiums for those hours; or



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Linda A. Neilan, Esq.
Outten & Golden, LLP
March 24, 2009
Page 2 of 3

- that Defendants failed to keep accurate records of any of the above alleged work or other compensable time in accordance with the Fair Labor Standards Act.

The notice form to which Defendants consent is limited to what we understand are the specific claims brought by the putative class representatives pursuant to the Fair Labor Standards Act. In this regard, a broader notice would constitute misuse of the federal FLSA Section 216(b) opt-in provisions in that such a notice would attempt to use the procedures of the federal wage and hour law to build a class of employees for purposes of the New York State Labor Law claims in the Complaint and thereby bypass Rule 23 procedures applicable to formation of such a class. In this regard, it is our understanding that the Complaint alleges that an involuntary service charge was a gratuity which should have been paid to employees and that employees did not receive proper spread shift pay. Both of these alleged violations would be cognizable, if at all, only under New York law, not under the FLSA. Accordingly, it would be improper to use Section 216(b) notice of such a broad nature that employees believing themselves to be subjected to these alleged New York State claims opted in under federal procedures to pursue such claims.

In addition, Defendants condition their consent to the issuance of the attached notice form to the issuance of a court order or a binding stipulation prohibiting Plaintiffs from disclosing the names and contact information of Defendants' non-managerial tipped employees to anyone other than the Court and any member, partner, shareholder, principal, associate, employee, agent, paralegal, legal assistant, or any other person affiliated with Joseph & Herzfeld LLP, or Outten & Golden, LLP. This limitation is necessary to assure that notice and information produced under Section 216(b) procedures is used for the purposes proscribed by Congress under that section of the law and not used to harass or invade the privacy of any individuals including Defendants' employees or former employees.

Defendants consent does away with the necessity for Plaintiffs to file a motion pursuant to 29 U.S.C. § 216(b) for conditional collective action certification. The form of the proposed notice, which is attached to this letter, is in accordance with the law and matches the federal issues in this case. However, should Plaintiffs have any additional specific violations of the FLSA to add to this notice we would consider such if it is proposed in a timely fashion, prior to March 27, 2009, so that motion practice and legal fees on both sides can be avoided.

NYI 427700v1 03/24/09



**Fox Rothschild** LLP
ATTORNEYS AT LAW

Linda A. Neilan, Esq.
Outten & Golden, LLP
March 24, 2009
Page 3 of 3

Defendants expressly deny all violations under federal and state law and reserve all rights and defenses, and this communication is without prejudice, except that Defendants stand by their consent to the notice as set forth herein.

Very truly yours,

FOX ROTHSCHILD, LLP

Carolyn D. Richmond, Esq.

cc:  Adam T. Klein, Esq. (counsel for Plaintiffs)
D. Maimon Kirschenbaum, Esq. (counsel for Plaintiffs)
Jay S. Berke, Esq. (counsel for Defendants)

NY1 427700v1 03/24/09

## NOTICE OF PENDENCY OF FLSA LAWSUIT

From:   Outten & Golden, LLP, Attorneys at Law
        Joseph & Herzfeld, LLP, Attorneys at Law

To:     All non-managerial, tipped employees and former employees of
        230FA LLC d/b/a/ 230 Fifth and 230 Fifth Avenue Rooftop Garden
        (collectively, "Defendants" or "230 Fifth").

Re:     Notice of a lawsuit against 230 Fifth Avenue and Steven Greenberg
        pursuant to the federal Fair Labor Standards Act encaptioned *Sand et
        al v. Greenberg, et al.*
        United States District Court, SDNY, Index No. 08-cv-7840 (PAC).

The purpose of this Notice is to advise you that Jeska Sand, Christopher Schiffer, Patrizza
Jimenez, Carolina Korth, and Jessica Llonch, all former employees of 230 Fifth, have
filed a putative collective action lawsuit against Defendants in which they allege several
claims under the federal Fair Labor Standards Act. These claims include allegations that:

- 230 Fifth's employees worked off-the-clock during their regular (non
  private event) shifts;

- 230 Fifth's employees who worked during private events hosted by
  Defendants were not compensated at the minimum wage for
  approximately one hour of time worked during these private events;

- 230 Fifth's employees worked in excess of forty hours in a workweek and
  were not paid overtime premiums for those hours; and

- 230 Fifth failed to keep accurate records of the above time in accordance
  with the Fair Labor Standards Act; and,

1. DESCRIPTION OF THE LAWSUIT.

Jeska Sand, Christopher Schiffer, Patrizza Jimenez, Carolina Korth, Jessica Llonch
("Plaintiffs"), filed this lawsuit against Defendants on October 29, 2008. The law firms
of Outten & Golden, LLP and Joseph & Herzfeld, LLP represent the Plaintiffs in this
lawsuit.

The Plaintiffs filed this lawsuit pursuant to the federal Fair Labor Standards Act and
allege that 230 Fifth did not pay hourly service employees for all hours worked, including
overtime. 230 Fifth and Mr. Greenberg deny that either of them violated the Fair Labor
Standards Act.

2. YOUR RIGHT TO MAKE A CLAIM IN THIS LAWSUIT.

NY1 427565v1 03/23/09

If you worked as a non-managerial, tipped employee for 230 Fifth at any time between October 29, 2006 to the present and you believe that you may be able to assert any of the claims described above, you have the right to participate in this lawsuit.

To participate in the lawsuit you must sign a written Consent form to opt-in to this lawsuit. This form and the Complaint will be filed in the Court. It is entirely your own voluntary decision whether or not to sign and file the consent and Complaint. 230 Fifth and Mr. Greenberg, however, expressly reserves all rights and privileges ordinarily afforded to them and the filing of this lawsuit and the filing of any Consent form shall not abridge any right otherwise afforded to 230 Fifth or Mr. Greenberg.

   3.   HOW TO MAKE A CLAIM IN THIS LAWSUIT.

Attached to this Notice is a form entitled "Consent to Make a Claim Pursuant to the Federal Fair Labor Standards Act (FLSA)." In order to make an FLSA claim in the lawsuit, fill out the form, sign it, and deliver it before May 15, 2009 via fax, mail or overnight mail to:

>      Linda A. Neilan, Esq.
>      Tara Lai Quinlan, Esq.
>      OUTTEN & GOLDEN LLP
>      3 Park Avenue, 29th Floor
>      New York, NY 10016
>      Tel: (212) 245-1000
>      Fax: (646) 509-2053
>      Email: lan@outtengolden.com
>
>      D. Maimon Kirschenbaum, Esq.
>      JOSEPH & HERZFELD, LLP
>      757 Third Avenue, Suite 2500
>      New York, NY 10017
>      Phone: (212) 688-5640
>      Fax: (212) 688-2548
>      Email: maimon@jhllp.com

If you sign and mail the form, a representative of the law firm of Outten & Golden, LLP and/or Joseph & Herzfeld, LLP will contact you in order to draft a statement specifying the nature of the federal violation(s) that you allege to have suffered. The Consent form and the statement will be filed with the court and you will become a "party plaintiff." The law firms of Outten & Golden, LLP and/or Joseph & Herzfeld, LLP currently represents the Plaintiffs. You have the right to allow Outten & Golden, LLP or Joseph & Herzfeld, LLP to represent your interests in the lawsuit or to choose your own counsel. If you choose to allow Outten & Golden, LLP and/or Joseph & Herzfeld, LLP to represent you in the lawsuit then you will be subject to the attorneys' fee arrangement that the Plaintiffs entered into with Outten & Golden, LLP and/or Joseph & Herzfeld, LLP which

provides that Outten & Golden, LLP and/or Joseph & Herzfeld, LLP is handling this matter on the following basis:

[Description of fees to be added by Outten & Golden, LLP and Joseph & Herzfeld, LLP.]

For your convenience, a self-addressed, postage paid envelope is enclosed. If you have any questions with respect to this suit, you may call Linda A. Neilan, Esq. at Outten & Golden, LLP, phone number (212) 245-1000, or D. Maimon Kirschenbaum, Esq. at Joseph & Herzfeld, LLP, phone number (212) 688-5640.

4.    COMMENTING ON THE NOTICE

If you wish to comment on this Notice or on any aspect of the pending litigation you may do so. Written comments can be sent to:

| To Putative Collective Action Counsel: |
|---|
| Linda A. Neilan, Esq.<br>Tara Lai Quinlan, Esq.<br>OUTTEN & GOLDEN LLP<br>3 Park Avenue, 29th Floor<br>New York, NY 10016<br>Tel:  (212) 245-1000<br>Fax: (646) 509-2053<br>Email: lan@outtengolden.com |
| D. Maimon Kirschenbaum, Esq.<br>JOSEPH & HERZFELD, LLP<br>757 Third Avenue, Suite 2500<br>New York, NY 10017<br>Phone: (212) 688-5640<br>Fax: (212) 688-2548<br>Email: maimon@jhllp.com |
| To Defense Counsel: |
| Carolyn D. Richmond, Esq.<br>Eli Z. Freedberg, Esq.<br>FOX ROTHSCHILD, LLP<br>100 Park Avenue, Suite 1500<br>New York, NY, 10017<br>Phone: (212) 878-7900<br>Fax: (212) 692-0940 |

Email:crichmond@foxrothschild.com

Jay S. Berke, Esq.
SKADDEN, ARPS, SLATE, MEAGHER & FLOM,
LLP
Four Times Square
New York, NY, 10036-6522
Phone: (212) 735-2612
Fax:  (917) 777-2612
Email:jay.berke@skadden.com

You are not required to submit a comment.

4.  THE LEGAL EFFECT OF FILING OR NOT FILING THE CONSENT FORM.

If you do not file a consent form, you will not participate in the federal claims in this lawsuit. If you do file a consent form, you will be bound by the judgment of the court on all FLSA issues in the case, win or lose.

5.  ALTHOUGH THE COURT HAS APPROVED THE SENDING OF THIS NOTICE, THE COURT EXPRESSES NO OPINION ON THE MERITS OF THIS LAWSUIT.

**PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE.**

Dated: _____

                    Linda Neilan
                    OUTTEN & GOLDEN LLP
                    3 Park Avenue, 29th Floor
                    New York, NY 10016
                    Tel:  (212) 245-1000
                    Fax:  (646) 509-2053


                    Maimon Kirschenbaum
                    JOSEPH & HERZFELD LLP
                    757 Third Avenue
                    25th Floor
                    New York, NY 10017
                    Tel: (212) 688-5640
                    Fax: (212) 688-2548

## CONSENT TO MAKE A CLAIM PURSUANT TO THE
## FEDERAL FAIR LABOR STANDARDS ACT ("FLSA")

I am an employee currently or formerly employed by  230FA LLC d/b/a/ 230 Fifth and 230 Fifth Avenue Rooftop Garden  and/or related entities and/or individuals. I consent to be a plaintiff under the federal claims only in *Sand, et al. v. Greenberg, et al.* (No. 08-cv-7840 (PAC)).  I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.


_____

Full Legal Name (Print)


_____

Signature


_____

Date

EXHIBIT 3

```
                                                            1
     13mksana                 Argument
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   JESKA SAND, et al.,
 3
 4                 Plaintiffs,
 4
 5          v.                              08 CV 7840 (PAC)
 5
 6   STEVEN GREENBERG, et al.,
 6
 7                 Defendants.
 7
 8   ------------------------------x
 8                                       New York, N.Y.
 9                                       March 22, 2011
 9                                       2:20 p.m.
10
10   Before:
11
11                      HON. PAUL A. CROTTY,
12
12                                       District Judge
13
13                       APPEARANCES
14
14   OUTTEN & GOLDEN
15        Attorneys for Plaintiffs
15   JUSTIN M. SWARTZ
16   JUNO TURNER
16
17   FOX ROTHSCHILD LLP
17        Attorneys for Defendants
18   CAROLYN DIANE RICHMOND
18   ELI ZEV FREEDBERG
19
19
20
21
22
23
24
25
              SOUTHERN DISTRICT REPORTERS, P.C.
                     (212) 805-0300
```

27

```
        13mksana                    Argument
 1   whether the proposed class representative service awards are
 2   unjustifiably disproportionate, the appropriate allocation for
 3   the opt-in plaintiff Sarah Sanders, in consideration of release
 4   of retaliation claims, those are all premature and I'll
 5   determine those at the time of the hearing on the final
 6   settlement, approval of the final settlement.
 7            With regard to the appropriate method for dealing with
 8   any unclaimed funds, I accept the plaintiffs' version, not the
 9   defendants, because the Rule 68 offer did not provide for the
10   funds going back.  They're all to be used in settlement of the
11   claims, bona fide claims made.
12            So that takes care of objection number 3.  So I've
13   taken care of 2, 3, 4 and 5.
14            Plaintiff and defendants are to agree on more robust
15   language for number 6, dealing with class members' release of
16   the claim.  If you can't resolve that by Friday of this week,
17   let me know and I'll resolve it; we'll pick one or the other of
18   your final proposals.
19            With regard to 7, I gather Mr. Swartz has agreed to
20   the proposals made by the defendant.
21            Now, as to the first one, the appropriate definition
22   of the class, I'm going to accept the plaintiffs' definition of
23   the class.  It's not going to include the independent
24   contractors.  They were never sent notice, and I believe it's
25   the defendants' position, throughout the litigation, they were
```
                    SOUTHERN DISTRICT REPORTERS, P.C.
                           (212) 805-0300

28
```
     13mksana                    Argument
1    not included in the litigation, so I'm going to hold them to
2    that position.  At any rate, I'm accepting the plaintiffs'
3    definition of the class.
4            Do you have orders, Mr. Swartz, for me to sign?
5            MR. SWARTZ:  Yes, your Honor.  I have one copy.  Is
6    that sufficient?
7            THE COURT:  It's sufficient for me.  The defendants
8    have seen these, correct?
9            MR. SWARTZ:  Yes.
10           THE COURT:  I'm signing this the 22nd day of March,
11   2011.  Are there any other blanks I have to fill in?  There are
12   notice provisions in here.
13           MR. SWARTZ:  Your Honor, on page 8, the date of the
14   final approval hearing.
15           THE COURT:  Yes.  That's what I was referring to.
16           MR. SWARTZ:  Oh, I'm sorry.
17           THE COURT:  The Court will hold a final fairness
18   hearing when?  How much time do you need?
19           MR. SWARTZ:  Well, we need -- one second, please.  I'm
20   counting.
21           Your Honor, to be safe, to give the settlement -- or
22   to give the mailings a chance to be resent to bad addresses, I
23   think maybe five months from today would be sufficient.  I'm
24   not sure if the defendants agree or not.
25           THE COURT:  Ms. Richmond, Mr. Freedberg?
```