```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____Allegra L. Fishel_____
DATE FILED  JUL 11 2011
```

# OUTTEN & GOLDEN LLP

Wayne N. Outten
Anne Golden
Adam T. Klein
Laurence S. Moy
Kathleen Peratis
Justin M. Swartz
Jack A. Raisner
Wendi S. Lazar
Carmelyn P. Malalis
Tammy Marzigliano
René S. Roupinian

Samuel R. Miller
Paul W. Mollica
—
Delyanne D. Barros
Rachel M. Bien
Katherine Blostein
Molly Brooks
Cara E. Greene
Mariko Hirose
Sonia R. Lin
Jennifer Liu
Seth M. Marnin
Ossai Miazad
Melissa Pierre-Louis
Sandra Pullman
Lauren Schwartzreich
Michael Scimone
Dana Sussman
Juno Turner

*Advocates for Workplace Fairness*

July 11, 2011

July 6, 2011

**Via E-mail**
Honorable Paul A. Crotty
United States District Court for the Southern District of New York
United States Courthouse
500 Pearl Street, Room 735
New York, New York 10007-1312

Re: *Sand v. Greenberg*, 08 Civ. 7840 (PAC)

[Handwritten endorsement: *Upon receiving the letter of July 6, will and defendants response of July 6, the Court is reminded again that the current schedule of defendants notice; and the excuse that the sole bottleneck is ex/with a firm once agreed (ok A-Rod is – no pun intended -lame indeed! The Court does not believe that July 13 is a critical date, but unless the parties agree on a date certain to produce a revised class list, promptly (i.e. within 2 weeks from today) the Court will impose a mandatory date so ordered.  PAC 7/11/11*]

Dear Judge Crotty:

We represent Plaintiffs in the above-referenced matter. We write to respectfully request that the Court order Defendants to produce a revised class list immediately, and direct that notice issue no later than July 13, 2011.

On March 22, 2011, the Court granted class certification and preliminary approval of the judgment in this matter and directed the distribution of notice to class members. On May 3, 2011, Defendants informed Plaintiffs that they had omitted numerous individuals from the class list originally produced in April 2009 for purposes of notice under the Fair Labor Standards Act. On June 15, 2011, the Court ordered that the majority of the individuals omitted from the 2009 class list should be excluded from the class for purposes of distribution of the judgment, and ordered Defendants to produce a revised class list. To date, Defendants have failed to produce such a list.

In order to speed the notice process along so that the parties can adhere to the schedule set forth in the Court's amended preliminary approval order dated June 3, 2011, Plaintiffs assembled a revised class list consistent with the Court's June 15, 2011 order and sent it to the claims administrator. This was a straightforward process of eliminating certain individuals from the class list produced by Defendants in May which took a paralegal less than two hours to complete. Defendants have now instructed the claims administrator not to proceed with notice until Defendants confirm the list's contents, but have failed to provide a date certain by which they will do so. Plaintiffs fear that, in the absence of a Court order, Defendants will continue to delay the process of notice and distribution of the judgment funds to class members indefinitely, and therefore respectfully request the Court's assistance.

**MEMO ENDORSED**



3 Park Avenue, 29th Floor  New York, NY 10016   Tel 212-245-1000   Fax 212-977-4005
191 Post Road West, Westport, CT 06880   Tel 203-363-7888   Fax 203-363-0333
og@outtengolden.com   www.outtengolden.com

Honorable Paul A. Crotty
July 6, 2011
Page 2 of 2

       We thank the Court for its attention.

                         Respectfully submitted,

                         Juno Turner

cc:   Carolyn Richmond, Esq. (by email)
       Eli Z. Freedberg, Esq. (by email)
       Justin M. Swartz, Esq. (by email)



**Fox Rothschild LLP**
ATTORNEYS AT LAW

100 Park Avenue, Suite 1500
New York, NY 10017
Tel 212.878.7900  Fax 212.692.0940
www.foxrothschild.com

Eli Z. Freedberg
Direct Dial: (212) 878-7970
Email Address: efreedberg@foxrothschild.com

July 8, 2011

**VIA EMAIL**

Hon. Paul A. Crotty
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Sand v. Greenberg  08-cv-7840 (PAC)**

Your Honor:

    This firm represents Defendants 230FA LLC d/b/a 230 Fifth and Steven Greenberg (collectively "Defendants") in the above-referenced action. We regretfully write in response to Plaintiffs' July 6, 2011 letter to the Court. Indeed, even though this action is close to conclusion, Plaintiffs have continued to contact the Court concerning trivial matters that should have been resolved by granting common courtesies.

    Plaintiffs are now requesting an Order that class notices be mailed no later than July 13, 2011. For several reasons, this request is premature. First, the claims of approximately 140 employees of 230 Fifth, most of whom worked for Defendants for an approximate average of 75 days in 2006 are still unresolved because the Court, in its June 15, 2011 Order, held that these employees were not entitled to a share of the Offer of Judgment Fund. Both Plaintiffs and Defendants have previously agreed that they should actively work to try to resolve these claims. In fact, Plaintiffs, in their June 8, 2011 letter to the Court represented that, "the parties should negotiate to attempt to separately resolve the claims of the additional [employees whose hire and end dates were in 2006]." Accordingly, it is Defendants' position that the class notices should not be mailed until these class members' claims are resolved or until the parties mutually agree that they are at an intractable impasse with respect to these employees' claims. That point has not yet been reached. It would also be premature to enter an Order requiring the mailing of the notices by July 13, 2011 because, as Defendants have previously told Plaintiffs, Defendants have informed us that their **single** and **sole** bookkeeper, Ricardo Jimenez, has been injured and unable to review and confirm the accuracy of the class list.

    As the Court is aware, Defendants produced a class list to Plaintiffs on May 3, 2011. At the time Defendants produced this list to Plaintiffs, they explained that the list appeared to be broader that the list of collective action members that Defendants produced in April 2009. Indeed, the May 3, 2011 List identified almost 200 individuals who worked for Defendants between May 2006 and April 2009 that were not identified in the April 2009 List. As a result of these discrepancies, the Court, on June 15, 2011 determined that individuals who were hired between April 1 2009 and April 22, 2009 (the period of time between when the list was being prepared and being produced) are part of the class and should


Fox Rothschild LLP
ATTORNEYS AT LAW

Hon. Paul A. Crotty
July 8, 2011
Page 2

receive a share of the Offer of Judgment Fund. The Court also found that employees who worked before April 1, 2009, and who were not previously identified on the April 2009 List, were not entitled to receive a share of the Offer of Judgment. As a result of this finding there are approximately 140 employees of 230 Fifth (most of whom worked for a few weeks exclusively in 2006) who cannot receive a share of the Offer of Judgment Fund and will not receive the class notice whenever it is mailed.

Following the Court's June 15, 2011 decision, Defendants, on June 29, 2011, sent Plaintiffs' counsel a letter suggesting a formula for providing remuneration to the individuals who the Court ruled would not be permitted to participate in the Offer of Judgment Fund. Although Plaintiffs have previously taken the position that the parties should work diligently to try to resolve the 2006 employees' claims and avoid additional duplicative and costly litigation, Plaintiffs have not responded to Defendants' good-faith offer made in their June 29, 2011 letter. Despite Plaintiffs' reticence, Defendants believe that the class notices should not be mailed until the parties reach of resolution of the employees' potential claims or until the parties reach an impasse in their negotiations. Allowing the class notices to go out to all employees, except for the 2006 employees, would result in additional legal proceedings such as multiple and duplicative fairness hearings, and duplicative motion practice related to class certification issues. Defendants believe that it would be significantly more cost effective to delay the mailing of the class notices until all outstanding issues are either resolved or at an intractable impasse and therefore request the Court deny Plaintiffs request for an order and hold the mailing of the class notices in abeyance until the conclusion of the parties' negotiations concerning the excluded 2006 employees' claims.

The class notices also should not be mailed within the next week because as Defendants informed Plaintiffs, Ricardo Jimenez, Defendants lone bookkeeper has been injured and unable to work. We have been further informed that Mr. Jimenez had a MRI which revealed that he has a partially torn ligament in his knee and that he has been out of work for the entire week.[1] As a result, Mr. Jimenez has not been able to make a final review of the class list and issue a final confirmation concerning dates of employment and last known addresses and Defendants respectfully ask the Court to allow Mr. Jimenez the opportunity to issue final confirmation of the class list before the notices get mailed.

We thank the Court for its attention to this matter.

Respectfully submitted,

Eli Z. Freedberg

cc: Justin Swartz, Esq.
Juno Turner, Esq.

---

[1] Defendants inform us that Mr. Jimenez is expected to return to work next week.

NY1 527125v3 07/08/11