IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESKA SAND, CHRISTOPHER SCHIFFER, PATRIZZA JIMENEZ, CAROLINA KORTH, and JESSICA LLONCH, on behalf of themselves and all others similarly situated, and SARAH SANDERS, individually,<br><br>      Plaintiffs,<br><br> -against-<br><br>STEVEN GREENBERG AND 230FA LLC d/b/a/ 230 FIFTH AVENUE and 230 FIFTH AVENUE ROOFTOP GARDEN,<br><br>      Defendants. | 08-cv-7840 (PAC) |

**DECLARATION OF JUSTIN M. SWARTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF JUDGMENT, CLASS REPRESENTATIVE SERVICE AWARDS, RETALIATION PAYMENT TO PLAINTIFF SANDERS, AND ATTORNEYS' FEES AND COSTS**

I, Justin M. Swartz, declare as follows:

  1.  I am a partner in the firm of Outten & Golden LLP ("O&G") in New York, New York. Together with Joseph, Herzfeld, Hester & Kirschenbaum, LLP, we are Class Counsel in this matter.

  2.  I have been one of the lawyers primarily responsible for the prosecution of the class's claims against Defendants.

  3.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

1

**Procedural History and Factual Development of the Instant Matter**

4. On September 8, 2008, Jeska Sand, Christopher Schiffer, Patrizza Jimenez, and Carolina Korth, represented by Outten & Golden LLP, filed a class action complaint against 230FA d/b/a/ 230 Fifth Avenue and 230 Fifth Avenue Rooftop Garden ("230 Fifth") and its owner, Steven Greenberg.[1]

5. On July 7, 2009, Plaintiffs filed a Second Amended Complaint adding retaliation claims for Opt-In Plaintiff Sarah Sanders. A true and correct copy of the Second Amended Class Action Complaint is attached hereto as **Exhibit A**.

6. In April 2009, the parties agreed to the issuance of Court-authorized notice to potential opt-in plaintiffs under the FLSA, 29 U.S.C. § 216(b). Notice was issued and 91 individuals opted in to the case.

7. The parties engaged in substantial discovery. Each side served written discovery requests and interrogatories. Plaintiffs deposed seven present and former employees of 230 Fifth, as well as Defendant Greenberg, interviewed dozens of class members as well as Defendants' customers, and obtained supportive declarations. Plaintiffs also obtained and analyzed volumes of hard copy and electronic time and payroll records, as well as other documents. Defendants deposed all Named Plaintiffs and one Opt-in Plaintiff. On several occasions, the parties' unresolved discovery disputes required Court intervention.

8. Early in the case, on January 14, 2009 and again on March 13, 2009, the parties attended two mediation sessions with Carol Wittenberg of JAMS. The sessions were

---

[1] On August 7, 2008, Jessica Llonch, represented by Joseph & Hezfeld LLP, filed a class action complaint against 230 Fifth and Steven Greenberg in the Southern District of New York alleging FLSA and NYLL violations. Because both the *Llonch* and *Sand* cases were virtually identical, the parties agreed to prosecute their claims in one action. On December 1, 2008, Ms. Llonch withdrew her complaint and on October 28, 2008, Plaintiffs filed a First Amended Complaint in *Sand*, adding Ms. Llonch as an additional Named Plaintiff. (Docket No. 63.)

unsuccessful and the parties agreed to resume active litigation. Settlement discussions continued on an informal basis throughout 2009.

9. On November 12, 2009, Defendants served Plaintiffs with a Rule 68 Offer of Judgment ("Offer") for $525,000, plus attorneys' fees and costs. A true and correct copy of the Offer is attached hereto as **Exhibit B**.

10. At that time, the parties were engaged in several discovery disputes and were scheduled to appear before the Court in an attempt to resolve them. Plaintiffs anticipated moving for summary judgment, and expected Defendants to do the same.

11. On November 16, 2009, Plaintiffs accepted the Offer. A true and correct copy of Plaintiffs' Notice of Acceptance is attached hereto as **Exhibit C**.

12. That same day, Defendants requested that the Court intervene and hold that the Offer was all-inclusive and covered attorneys' fees and costs. A true a correct copy of Defendants' letter, dated November 17, 2009, is attached hereto as **Exhibit D**.

13. On January 7, 2010, the Court agreed with Plaintiffs and held that the Offer was for $525,000 plus fees and costs. *See Sand v. Greenberg,* No. 08 CV 7840, 2010 WL 69359, at *4 (S.D.N.Y. Jan. 7, 2010).

14. The reaction of the Named Plaintiffs and Opt-In Plaintiffs to the judgment has been almost uniformly positive.

15. Following the Court's January 7, 2010 ruling, the parties attended a third formal mediation. This mediation, limited to the question of Plaintiffs' attorneys' fees, was unsuccessful, as were subsequent negotiations facilitated by Magistrate Judge Ellis.

16. The Court granted Plaintiffs' Motion for Preliminary Approval of the Judgment and Motion to Certify the Class on March 22, 2011 ("Preliminary Approval Order"), Docket

No. 191.

17. The Preliminary Approval Order required the Claims Administrator to send the Court-approved Notice to the Class within 30 days of the order and gave Class Members 90 days to opt out of the Class or object to the Judgment.

18. On June 3, 2011, the Court issued a modified order approving Plaintiffs' proposed Notice to the Class, directing its distribution, and approving Plaintiffs' proposed approval process. Docket No. 198. The Court ordered Defendants to deposit the $525,000 into an escrow account on May 1, 2011.

19. On July 13, 2011, the Court so ordered the parties' stipulation requiring Defendants' counsel to deposit $850,000 into an account at Cooley LLP to pay for Class Counsel's fees and costs through April 26, 2011, and to pay up to an additional $20,000 for fees and costs incurred after April 26, 2011. Docket No. 201. On September 21, 2011, Defendants agreed to pay the additional $20,000 in exchange for a representation, which Class Counsel made, that Class Counsel would seek no further fees in this matter.

**Notice and Class Member Response**

20. There are approximately 472 Class Members.

21. Attached hereto as **Exhibit E** is a true and correct copy of the Official Court Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice"). Attached hereto as **Exhibit F** is the Declaration of Stacy L. Roe of Rust Consulting, Inc. ("Rust") Re: Final Approval of Class Action Settlement, dated September 21, 2011 ("Roe Decl.").

22. On August 1, 2011, the Claims Administrator mailed the Notice to a list of 472 Class Members provided by Defendants' counsel. Ex. J (Roe Decl.) ¶ 9.

23.     After the Notice was mailed, the Claims Administrator received 151 Notices returned as undeliverable by the Post Office.  A total of 9 Notices were returned to Rust with an updated address from the U.S. Post Office.  The Claims Administrator traced for new addresses using a locator service and found possible new addresses for 120 Class Members.  The Claims Administrator re-mailed Notices to those 120 addresses.  *Id.* ¶¶ 9-10.

24.     Of the traces performed, no updated addresses were found for 18 Class Members.  In addition, 13 of the Notices that were re-mailed after updated addresses were recovered by the trace were returned as undeliverable a second time.  Rust placed calls to 9 of these 13 Class Members, in order to obtain a current address.   Rust also sent emails to Class Members for whom Rust obtained a valid email address, in order to obtain a current address.  *Id.* ¶ 10.

25.     The Notice advised Class Members, among other things, that they could object to or exclude themselves from the judgment.  Ex. E (Notice) ¶¶ 12, 17.  No Class Member has objected or requested exclusion.  Ex. F (Roe Decl.) ¶¶ 12-13.

**Service Awards, Retaliation Payment, and Class Member Awards**

26.     Before and throughout the litigation, all five Class Representatives assisted with Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties, Defendants' tip allocation and minimum wage policies, providing relevant documents in their possession, submitting declarations, informing putative class members of the lawsuit and encouraging them to join it, assisting counsel with mediation preparation, and sitting for depositions.

27.     The proposed $7,500.00 payment to Plaintiff Sarah Sanders will compensate her for individual retaliation claim.  Sanders alleged that Defendants failed to rehire her for the new season in retaliation for her participation in the lawsuit.  No Class

Member has objected to the retaliation payment.

28. Subtracting the proposed service payments and retaliation payment, the Net Judgment Fund will provide an average of over $1100 to each Class Member.

29. Attached hereto as **Exhibit G** is an Order in *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451 (S.D.N.Y. Aug. 16, 2011), approving service awards of $15,000 to three class representatives and $5,000 to a fourth class representative in a restaurant case challenging tip and minimum wage policies.

30. Class Counsel's total lodestar in this case is in excess of $1 million. Class Counsel can provide the Court with contemporaneous time records at the Court's request.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 21st day of September, 2011
New York, New York

By:

/s/ Justin M. Swartz
Justin M. Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000