# Exhibit A

**OUTTEN & GOLDEN LLP**
Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
Linda A. Neilan (LN 4095)
Lauren E. Schwartzreich (LS 8260)
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000



RECEIVED
JUL 08 2009
U.S.D.C. S.D. N.Y.
CASHIERS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JESKA SAND, CHRISTOPHER SCHIFFER, PATRIZZA JIMENEZ, CAROLINA KORTH, and JESSICA LLONCH, on behalf of themselves and all others similarly situated, and SARAH SANDERS, individually,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**STEVEN GREENBERG AND 230FA LLC d/b/a/ 230 FIFTH AVENUE and 230 FIFTH AVENUE ROOFTOP GARDEN,**<br><br>**Defendants.** | **SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Jeska Sand ("Sand"), Christopher Schiffer ("Schiffer"), Patrizza Jimenez, ("Jimenez"), Carolina Korth ("Korth"), and Jessica Llonch ("Llonch") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated as class representatives, and Sarah Sanders ("Sanders"), individually, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1.      230 Fifth Avenue, which is also known as 230 Fifth Avenue Rooftop Garden, (hereinafter, "230 Fifth") is New York City's largest rooftop bar.  Since its opening in

approximately May 2006, 230 Fifth and its owner, art collector and nightlife entrepreneur Steven Greenberg, have enjoyed great success at the expense of their hourly service workers by refusing to pay them the proper minimum wage, refusing to pay them proper overtime compensation, and compelling them to participate in a mandatory tip pool.

2.     In addition, Defendant 230 Fifth and Defendant Steven Greenberg ("Greenberg") have misappropriated "service charges" and/or mandatory gratuities paid by customers who contracted with 230 Fifth to hold private parties, corporate events, and other functions at the restaurant.  Defendants have led customers entering into such contracts to reasonably believe that such "service charges" and/or mandatory gratuities were for the workers.  In *Samiento v. World Yacht Inc.,* 883 N.E.2d 990 (N.Y. 2008), the New York Court of Appeals recently confirmed that this practice violates the New York Labor Law.

3.     This lawsuit seeks to recover, among other things, minimum wages, overtime compensation, and misappropriated "service charges" and gratuities for Plaintiffs and their similarly situated co-workers.

4.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers at 230 Fifth who elect to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and specifically the collective action provision of 29 U.S.C. § 216(b), to remedy Defendants' violations of the wage and hour provisions of the FLSA that have deprived them of their lawfully earned wages.

5.     Plaintiffs also bring this action on behalf of themselves and similarly situated current and former bartenders, barbacks, waiters, bussers, runners, and other hourly

service workers at 230 Fifth, pursuant to Federal Rule of Civil Procedure 23, to remedy violations of the New York Labor Law ("NYLL") Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiffs

#### Jeska Sand

6.   Plaintiff Jeska Sand is an adult individual who is a resident of Brooklyn, New York.

7.   Sand was employed by 230 Fifth as a bartender from approximately March 2008 until the middle of July 2008.

8.   Sand has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Her written consent form is attached as part of Exhibit A.

9.   Sand is a covered employee within the meaning of the FLSA and the NYLL.

#### Christopher Schiffer

10.   Plaintiff Christopher Schiffer is an adult individual who is a resident of Brooklyn, New York.

11.   Schiffer was employed by 230 Fifth as a barback from approximately March 2008 until the end of August 2008.

12.   Schiffer has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  His written consent form is attached as part of Exhibit A.

13.   Schiffer is a covered employee within the meaning of the FLSA and the NYLL.

**Patrizza Jimenez**

14.    Plaintiff  Patrizza Jimenez is an adult individual who is a resident of Brooklyn, New York.

15.    Jimenez has been employed by 230 Fifth as a bartender from approximately March 2008 through the present.

16.    Jimenez has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Her written consent form is attached as part of Exhibit A.

17.    Jimenez is a covered employee within the meaning of the FLSA and the NYLL.

**Carolina Korth**

18.    Plaintiff Carolina Korth is an adult individual who is a resident of Queens, New York.

19.    Korth has been employed by 230 Fifth as a bartender from approximately April 2008 through the present.

20.    Korth has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Her written consent form is attached as part of Exhibit A.

21.    Korth is a covered employee within the meaning of the FLSA and the NYLL.

**Jessica Llonch**

22.    Plaintiff Jessica Llonch is an adult individual who is a resident of Queens, New York.

23.    Llonch has been employed by 230 Fifth as a cocktail server from approximately April 2007 through June 2008.

24.    Llonch has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).  Her written consent form is attached as part of Exhibit A.

25.    Llonch is a covered employee within the meaning of the FLSA and the NYLL.

**Sarah Sanders**

26.    Plaintiff Sarah Sanders is an adult individual who is a resident of New York, New York.

27.    Sanders was employed by 230 Fifth as a cocktail server from approximately May 2008 through approximately October 2008.

28.    Sanders has consented in writing to be a party to the FLSA claims in this action pursuant to 29 U.S.C. § 216(b).

29.    Sanders is a covered employee within the meaning of the FLSA and the NYLL.

30.    Defendants unlawfully retaliated against Sanders because she acted to protect her right to be paid according to the FLSA and NYLL.

**Defendants**

31.    Steven Greenberg and 230FA LLC d/b/a 230 Fifth Avenue and 230 Fifth Avenue Rooftop Garden (collectively, "Defendants") are part of a single integrated enterprise that jointly employed Plaintiffs and similarly situated employees at all times relevant.

**230FA LLC**

32.    230FA LLC is an upscale restaurant, bar, and party space located at 230 Fifth Avenue, New York, New York.

33.    230FA LLC is a covered employer within the meaning of the FLSA and the

NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

34.    At all times relevant, 230FA LLC's annual gross volume of sales or business done was not less than $500,000.

**Steven Greenberg**

35.    Upon information and belief, at all times relevant, Steven Greenberg  has been an owner and/or partner of 230 Fifth.

36.    Upon information and belief, at all times relevant, Greenberg has had the power to hire and fire employees, including Plaintiffs and similarly situated employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.  Upon information and belief, at all times relevant, Greenberg has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

37.    Greenberg is a covered employer within the meaning of the FLSA and the NYLL and, at all times relevant, employed Plaintiffs and/or jointly employed Plaintiffs and similarly situated employees.

38.    Greenberg is an agent of 230 Fifth.

## JURISDICTION AND VENUE

39.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §§ 1332 and 1367.

40.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

41.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

42.   Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391.

## CLASS ACTION ALLEGATION

43.   Plaintiffs bring the Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action, all NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> all persons who have worked as bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers (the "Rule 23 Class").

44.   Excluded from the Rule 23 Class are Defendants; Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who has had at any time during the class period, a controlling interest in 230 Fifth; the judge(s) to whom this case is assigned and any member of the judge(s)' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

45.   The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

46.   Upon information and belief, the size of the Rule 23 Class is at least 100 individuals.  The precise number of such employees is unknown, and the facts on which the calculation of that number can be calculated are presently within the sole control of Defendants.

47.   Defendants have acted or have refused to act on grounds generally applicable to

the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding

declaratory relief with respect to the Rule 23 Class as a whole.

48.   Common questions of law and fact exist as to the Rule 23 Class that

predominate over any questions only affecting them individually and include, but are not

limited to, the following:

(a)   whether Defendants violated NYLL Article 6, §§190 *et seq.,* and Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Parts 137, as alleged herein;

(b)   whether Defendants failed to pay Plaintiffs and the Rule 23 Class the applicable minimum wage under the NYLL;

(c)   whether Defendants demanded, accepted and/or retained gratuities paid by customers to whom Defendants represented that such gratuities were intended for Plaintiffs and the Rule 23 Class and which customers reasonably believed to be gratuities for Plaintiffs and the Rule 23 Class.

(d)   whether Defendants correctly calculated and compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

(e)   whether Defendants failed to provide Plaintiffs and the Rule 23 Class spread-of-hours compensation as required by the NYLL;

(f)   whether Defendants violated the NYLL by demanding, handling, pooling, and distributing tips of the Rule 23 Class;

(g)   whether Defendants' tip pooling arrangement was voluntary;

(h)   whether Defendants paid Plaintiffs and the Rule 23 Class at the agreed rate for all hours that they worked;

(i)   whether D efendants failed to keep true and accurate time and pay records for all hours worked by its employees, and other records required by the NYLL;

(j)   whether D efendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, gross wages, and the claimed tip allowance as required by the NYLL;

(k)   whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(l)   th e nature and extent of class-wide injury and the measure of damages for

those injuries.

49.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and the members of the Rule 23 Class all work, or have worked, for Defendants as bartenders, barbacks, waiters, cocktail waitresses, runners, bussers, and/or hourly service employees at 230 Fifth.  Plaintiffs and the members of the Rule 23 Class enjoy the same statutory rights under the NYLL to be paid for all hours worked, to be paid minimum and overtime wages, and to keep the tips they earn.  Plaintiffs and the members of the Rule 23 Class have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.  Plaintiffs and the members of the Rule 23 Class have all been injured in that they have been uncompensated or under-compensated due to Defendants' common policies, practices, and patterns.

50.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs and the members of the Rule 23 Class.

51.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violation of the NYLL as well as its common and uniform policies, practices, and procedures.  Although the relative damages suffered by the members of the Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a

9

lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

52.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLLECTIVE ACTION ALLEGATIONS

53.   Plaintiffs bring the First, Second, and Third Causes of Action, all FLSA claims, on behalf of themselves and all similarly situated persons who have worked at 230 Fifth as bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers who elect to opt-in to this action (the "FLSA Collective").

54.   Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs.  Upon information and belief, there are many similarly situated current and former bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers who worked at 230 Fifth and have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit.  Those similarly situated employees are known to 230 Fifth, are readily identifiable, and can be located through 230 Fifth's records.  Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## CLASS-WIDE FACTUAL ALLEGATIONS

55.   Plaintiffs and the members of the Rule 23 Class and the FLSA Collective (collectively "Class Members") have been victims of Defendants' common policies, patterns, and practices perpetrated by Defendants that have violated their rights under the

FLSA and the NYLL by denying them minimum wage, overtime compensation, tips that they earned, and other wages.

56.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly harmed Plaintiffs and the Class Members by engaging in a policy, pattern, or practice of violating the FLSA and the NYLL as described in this Class Action Complaint.  This policy, pattern, or practice includes, but is not limited to the following:

a.     failing to keep accurate and adequate records of wages paid to Plaintiffs and the Class Members, deductions taken from their wages, allowances or other credits taken by Defendants, gratuities, and hours worked by Plaintiffs and the Class Members as required by the FLSA and the NYLL;

b.     failing to pay Plaintiffs and the Class Members at least the applicable minimum hourly wage rate under the FLSA and the NYLL for all hours worked;

c.     compelling Plaintiffs and members of the Rule 23 Class to participate in a mandatory tip pool;

d.     failing to pay Plaintiffs and the Class Members spread-of-hours compensation; and

e.     withholding from Plaintiffs and the Class Members "service charges" and/or gratuities collected from customers, where Defendants led the customers to reasonably believe that the "service charges" and/or gratuities were intended for Plaintiffs and the Class Members, and where Plaintiffs and the Class Members rarely, if ever, received tips directly from such customers.

57.   Upon information and belief, Defendants' unlawful conduct described in this Complaint has been pursuant to a corporate policy, pattern, or practice of minimizing labor costs and denying employees' compensation by knowingly violating the FLSA and the NYLL.

58.   Defendants' unlawful conduct has been widespread, repeated, and consistent. Upon information and belief, Defendants' policies, patterns, and practices described in this Class Action Complaint have been centrally promulgated and uniform throughout 230 Fifth.

59.   Defendants' unlawful conduct, as set forth in this Class Action Complaint, has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiffs and the Class Members.

60.   Defendants' deceptive conduct prevented Plaintiffs and the Class Members from discovering or asserting their claims any earlier than they did.

## PLAINTIFFS' FACTUAL ALLEGATIONS

61.   Consistent with Defendants' policies, patterns or practices as described herein, Defendants harmed Plaintiffs individually as follows:

**Jeska Sand**

62.   Sand worked over forty hours per week on several occasions throughout her employment at 230 Fifth.

63.   Defendants did not pay Sand the proper minimum wage.

64.   Defendants did not pay Sand proper overtime payments for those hours in excess of forty that she worked in any given week.

65. Defendants withheld from Sand "service charges" and/or gratuities collected from customers, where Defendants had led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Sand rarely, if ever, received tips directly from such customers.

66. Defendants forced Sand to pool her tips with other workers.

67. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Sand.

68. Defendants did not pay Sand spread-of-hours pay for shifts worked of 10 hours or more.

**Christopher Schiffer**

69. Schiffer worked over forty hours per week on several occasions throughout his employment at 230 Fifth.

70. Defendants did not pay Schiffer the proper minimum wage.

71. Defendants did not pay Schiffer the proper overtime payments for all of the hours in excess of forty that he worked in any given week.

72. Defendants withheld from Schiffer "service charges" and/or gratuities collected from customers, where Defendants had led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Schiffer rarely, if ever, received tips directly from such customers.

73. Upon information and belief, Defendants did not keep accurate records of wages or tips earned, or of hours worked by Schiffer.

74. Defendants did not pay Schiffer spread-of-hours pay for shifts she worked of 10 hours or more.

**Patrizza Jimenez**

75.    During the course of Jimenez's employment, she has worked more than forty hours per week on several occasions.

76.    Defendants do not pay Jimenez the proper minimum wage.

77.    Defendants do not pay Jimenez the proper overtime payments for those hours in excess of forty that she works in any given week.

78.    Defendants withhold from Jimenez "service charges" and/or gratuities collected from customers, where Defendants have led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Jimenez rarely, if ever, receives tips directly from such customers.

79.    Defendants force Jimenez to pool her tips with other workers.

80.    Upon information and belief, Defendants do not keep accurate records of wages or tips earned, or of hours worked by Jimenez.

81.    Defendants did not pay Jimenez spread-of-hours pay for shifts she works of 10 hours or more.

**Carolina Korth**

82.    During the course of Korth's employment, she has worked more than forty hours per week.

83.    Defendants do not pay Korth the proper minimum wage.

84.    Defendants do not pay Korth overtime payments for those hours in excess of forty that she works in any given week.

85.    Defendants withhold from Korth "service charges" and/or gratuities collected from customers, where Defendants have led the customers to reasonably believe that the

"service charges" and/or gratuities were intended for workers, and where Korth rarely, if ever, receives tips directly from such customers.

86. Defendants force Korth to pool her tips with other workers.

87. Upon information and belief, Defendants do not keep accurate records of wages or tips earned, or of hours worked by Korth.

88. Defendants do not pay Korth spread-of-hours pay for shifts he worked of 10 hours or more.

**Jessica Llonch**

89. During the course of Llonch's employment, she has worked more than forty hours per week.

90. Defendants do not pay Llonch the proper minimum wage.

91. Defendants do not pay Llonch overtime payments for those hours in excess of forty that she works in any given week.

92. Defendants withhold from Llonch "service charges" and/or gratuities collected from customers, where Defendants have led the customers to reasonably believe that the "service charges" and/or gratuities were intended for workers, and where Llonch rarely, if ever, receives tips directly from such customers.

93. Defendants force Llonch to pool her tips with other workers.

94. Upon information and belief, Defendants do not keep accurate records of wages or tips earned, or of hours worked by Llonch.

95. Defendants do not pay Llonch spread-of-hours pay for shifts he worked of 10 hours or more.

## SARAH SANDERS' FACTUAL ALLEGATIONS OF RETALIATION

96.   In approximately May 2008, Sarah Sanders started working at 230 Fifth as a cocktail server.

97.   On September 18, 2008, Ms. Sanders joined this lawsuit by signing and filing a Consent to Join form.

98.   In approximately October 2008, 230 Fifth stopped scheduling Ms. Sanders for shifts, effectively terminating her employment.

99.   On April 17, 2009, Ms. Sanders went to 230 Fifth and asked Kevin Stafford, General Manager at 230 Fifth, about getting her job back.

100.  In response, Mr. Stafford said words to the effect of, "Yes definitely," and then asked Ms. Sanders if she was available to work the following day.  After she told Mr. Stafford that she was, he said words to the effect of, "Great. Let's go into the office and fill out some paperwork."  As they were walking towards the office, he suddenly stopped before reaching the office and said words to the effect of, "Wait a second. Did you sign something?"  After Ms. Sanders told him that she had signed a form to join the lawsuit, Mr. Stafford responded, "I'm sorry.  Steven [Greenberg] won't let me hire you because of the lawsuit."

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

102.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

103.  Defendants failed to pay Plaintiffs and the Class Members the minimum wages to which they are entitled under the FLSA.

104.  Defendants have engaged in a widespread policy, pattern, and practice of violating the FLSA, as detailed in this Class Action Complaint.

105.  At all times relevant, Plaintiffs and the Class Members were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

106.  At all times relevant, Plaintiffs and the Class Members were or have been employees within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

107.  At all times relevant, Defendants have been employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(e) and 206(a).

108.  Defendants were required to pay directly to Plaintiffs and the Class Members the applicable federal minimum wage rate of (a) at least $5.15 per hour for all hours worked from May 2006 until July 23, 2007; (b) $5.85 for all hours worked from July 24, 2007 to July 23, 2008; and (c) $6.55 per hour for all hours worked from July 24, 2008 to the present.

109.  As a result of Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied minimum wages in accordance with

the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

110.   Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

111.   Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### SECOND CAUSE OF ACTION
**Fair Labor Standards Act – Overtime Wages
(Brought on behalf of Plaintiffs and the FLSA Collective)**

112.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

113.   The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 210 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the FLSA Collective.

114.   Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages for hours that they worked in excess of 40 hours in a workweek.

115.   As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act – Recordkeeping Violations
### (Brought on behalf of Plaintiffs and the FLSA Collective)

116.     Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

117.     Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and the members of the FLSA Collective as required by the FLSA, including hours worked each workday and total hours worked each workweek, as required under 29 U.S.C. § 211(c) and supporting federal regulations.

118.     Defendants' failure to make, keep, and preserve accurate records was willful.

## FOURTH CAUSE OF ACTION
### New York Labor Law Article 19 – Minimum Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

119.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

120.   Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum wages to which they are entitled under the NYLL.

121.   Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

122.   At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees and Defendants have been employers within the meaning of the NYLL §§ 190, 651(5), 652 and the supporting New York State Department of Labor Regulations.

123.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor regulations apply to Defendants and protect the

Plaintiffs and the members of the Rule 23 Class.

124.  Defendants were required to pay Plaintiffs and the members of the Rule 23 Class a minimum wage at a rate of (a) $6.75 per hour for all hours worked from May 2006 through December 31, 2006; and (b) $7.15 per hour for all hours worked from January 1, 2007 through the present, under the NYLL § 652 and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

125.  Defendants failed to pay Plaintiffs and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

126.  By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §137-1.2.

127.  Defendants failed to furnish Plaintiffs and the members of the Rule 23 Class a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. § 137-2.2.

128.  By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class minimum hourly wages, they have willfully violated the NYLL Article 19, §§ 650 *et seq.* and the supporting New York State Department of Labor regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 137.

129. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

**FIFTH CAUSE OF ACTION**
**New York Labor Law Article 19 – Unpaid Overtime**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

130. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

131. The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs and the members of the Rule 23 Class.

132. Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the overtime wages to which they are entitled under the NYLL and the supporting New York State Department of Labor regulations.

133. By Defendants' knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, it has willfully violated the NYLL Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor regulations.

134. Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest. Plaintiffs do not seek liquidated damages under the NYLL.

## SIXTH CAUSE OF ACTION
### New York Labor Law Article 6 – Unpaid Wages
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

135.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

136.    The provisions of NYLL Article 6 §§ 190 *et seq.* of the NYLL and its supporting regulations apply to Defendants and protect the Plaintiffs and the Class Members.

137.    Defendants have engaged in a pattern, practice, and policy of failing to compensate Plaintiffs and the Class Members at their agreed regular rates of pay for all hours either worked or required to be compensated by the terms of Defendants' employment agreements with the Plaintiffs and the Class Members.

138.    Defendants' failure to pay Plaintiffs and the Class Members their wages at their agreed hourly regular and overtime pay rates for all hours worked or required to be compensated by law violates the NYLL Article 6, §§ 190 *et seq.*

139.    Due to Defendants' violations of the NYLL, the New York Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.  Plaintiffs do not seek liquidated damages under the NYLL.

## SEVENTH CAUSE OF ACTION
### New York Labor Law - Spread-of-Hours
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

140.  Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

141.  Defendants have willfully failed to pay Plaintiffs and the members of the Rule

23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked more than 10 hours.

142.   By Defendants' failure to pay and the members of the Rule 23 Class spread-of-hours, Defendants have willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

143.   Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.  Plaintiffs do not seek liquidated damages under the NYLL.

## EIGHTH CAUSE OF ACTION
### New York Labor Law – Tip Retention, and Tip Pooling
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

144.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

145.   At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of the NYLL §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations.

146.   At all times relevant, Defendants have been employers within the meaning of the NYLL §§ 190, *et seq.*, and the supporting New York State Department of Labor regulations.

147.   At all times relevant, Greenberg has been an agent and/or officers within the meaning of the NYLL § 196-d and the supporting New York State Department of Labor regulations.

148.   The wage payment provisions of Article 6 of the NYLL and the supporting New

York State Department of Labor Regulations apply to all Defendants and protect Plaintiffs and the members of the Rule 23 Class.

149.  By Defendants' knowing or intentional demand for, acceptance of and/or retention of the gratuities and/or service charges paid by customers when entering into a service contract with 230 Fifth when such customers had a reasonable expectation that such gratuities would be paid to Plaintiffs and the members of the Rule 23 Class, Defendants have willfully violated the NYLL Article 6, § 196-d.

150.  By compelling employees to participate in a tip pooling arrangement without their consent, Defendants have willfully violated the NYLL Article 6, § 196-d.

151.  Due to Defendants' violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid wages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.  Plaintiffs do not seek liquidated damages under the NYLL.

## NINTH CAUSE OF ACTION
### New York Labor Law – Recordkeeping Violations
### (Brought on behalf of Plaintiffs and the Rule 23 Class)

152.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

153.    Defendants failed to make, keep, and preserve accurate records with respect to Plaintiffs and Class Members, including hours worked each workday and total hours worked each workweek, as required by NYLL Article 19, §§ 650 *et seq.*, and supporting regulations, including N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.6(a)(4).

154.    Defendants failed to furnish Plaintiffs and the Class Members a statement with every payment of wages listing hours worked, rates paid, gross wages, and the tip

allowance claimed as part of their minimum hourly wage rate, in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, 12 N.Y.C.R.R. § 137-2.2.

155.     Defendants' failure to make, keep, and preserve accurate records was willful.

### TENTH CAUSE OF ACTION
**(Fair Labor Standards Act: Retaliation)**
**(Brought on Behalf of Sarah Sanders)**

156.     Ms. Sanders realleges and incorporates by reference all allegations in all preceding paragraphs.

157.     Ms. Sanders joined the instant action to enforce her rights under the FLSA.

158.     Ms. Sanders' joining in this action is protected activity under 29 U.S.C. § 215(a)(3).

159.     In response to Ms. Sanders' joining in this action to protect her rights under the FLSA, Defendants retaliated against her.

160.     A reasonable employee would have found each retaliatory act described herein to be materially adverse.  Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

161.     Defendants retaliated against Ms. Sanders, as alleged herein, in order to harass and intimidate her and to otherwise interfere with her attempts to vindicate her rights under the FLSA.

162.     By engaging in the retaliatory acts alleged herein, Defendants retaliated against Ms. Sanders, discriminated against her, and penalized her in violation of the FLSA, 29 U.S.C. § 215(a)(3).

163.    Ms. Sanders has suffered damages, including but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

164.    Defendants subjected Ms. Sanders to such retaliation that altered the terms and conditions of her employment.

165.    Ms. Sanders  is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

## ELEVENTH CAUSE OF ACTION
### (New York Labor Law: Retaliation)
### (Brought on Behalf of Sarah Sanders)

166.    Ms. Sanders realleges and incorporates by reference all allegations in all preceding paragraphs.

167.    Ms. Sanders attempted to enforce her rights under the New York Labor Law by complaining about wage and hour violations.

168.    Ms. Sanders' actions are protected activity under New York Labor Law § 215.

169.    In response to Ms. Sanders' joining in this action to protect her rights under the FLSA, Defendants retaliated against her.

170.    A reasonable employee would have found each retaliatory act described herein to be materially adverse.  Each retaliatory act alleged herein could dissuade a reasonable employee from making or supporting a complaint about wage and hour violations.

171.    Defendants retaliated against Ms. Sanders, as alleged herein, in order to harass and intimidate her and to otherwise interfere with her attempts to vindicate her

rights under the NYLL.

171.    By engaging in the retaliatory acts alleged herein, Defendants retaliated against Ms. Sanders, discriminated against her, and penalized her in violation of the New York Labor Law § 215.

172.    Ms. Sanders has suffered damages, including but not limited to emotional distress damages and lost wages as a result of Defendants' retaliation.

173.    Defendants subjected Ms. Sanders to such retaliation that altered the terms and conditions of her employment.

174.    Notice of this claim has been served upon the Attorney General pursuant to New York Labor Law § 215(2).

175.    Ms. Sanders is entitled to equitable relief, monetary relief including but not limited to compensatory and other damages, reasonable attorneys' fees and costs, punitive damages, and other appropriate relief.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as bartenders, barbacks, waiters, bussers, runners, and other hourly service employees at 230 Fifth.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit

27

if they believe they were denied proper wages;

B.      Unpaid wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as representatives of the Rule 23 Class, and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under NYLL Article 6, §§ 190 *et seq.* and NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

F.      Unpaid overtime wages pursuant to NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class);

G.      Unpaid regular wages at the agreed rate pursuant to NYLL Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor regulations.  (Plaintiffs do not seek liquidated damages under the NYLL on behalf of the Rule 23 Class.);

H.      Pre-judgment interest and post-judgment interest;

I.      An injunction requiring Defendants to pay all statutorily required wages pursuant to the NYLL;

J.      Punitive damages under the FLSA for retaliation (sought by Ms. Sanders

only);

      K.           Punitive damages under the NYLL for retaliation (sought by Ms.

Sanders only);

      L.           Compensatory damages for the emotional distress, pain, and suffering

caused by retaliation (sought by Ms. Sanders only);

      M.           Reasonable attorneys' fees and costs of the action; and

      N.           Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury on all questions of fact raised by this Class Action Complaint.

Dated:      New York, New York
            July 8, 2009

                   Respectfully submitted,

                   **OUTTEN & GOLDEN LLP**
                   By:

                   Linda A. Neilan (LN 4095)

                   **OUTTEN & GOLDEN LLP**
                   Adam T. Klein (AK 3293)
                   Justin M. Swartz (JS 7989)
                   Linda A. Neilan (LN 4095)
                   Lauren E. Schwartzreich (LS 8260)
                   3 Park Avenue, 29th Floor
                   New York, New York 10016
                   Telephone:  (212) 245-1000

                   **JOSEPH & HERZFELD LLP**
                   D. Maimon Kirschenbaum (DK 2448)
                   757 Third Avenue, 25th Floor
                   New York, NY  10017

Telephone:  (212) 688-5640

**Attorneys for Plaintiffs and
the Putative Class**