USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 06 OCT 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JESKA SAND, CHRISTOPHER SCHIFFER,
PATRIZZA JIMENEZ, CAROLINA KORTH, and
JESSICA LLONCH, on behalf of themselves and all
others similarly situated, and SARAH SANDERS,
individually,

        Plaintiffs,

    -against-

STEVEN GREENBERG AND 230FA LLC d/b/a/
230 FIFTH AVENUE and 230 FIFTH AVENUE
ROOFTOP GARDEN,

        Defendants.

08-cv-7840 (PAC)

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL
OF JUDGMENT, CLASS REPRESENTATIVE SERVICE AWARDS, RETALIATION
PAYMENT TO PLAINTIFF SANDERS, AND ATTORNEYS' FEES AND COSTS

Plaintiffs Jeska Sand, Christopher Schiffer, Patrizza Jimenez, Carolina Korth, and Jessica Llonch were tipped hourly service workers at 230 Fifth Avenue, a rooftop bar in New York City owned and operated by Defendant Steven Greenberg ("Greenberg"). This Court certified a Class of "All persons who have worked for Defendants as bartenders, barbacks, waiters, cocktail waitresses, bussers, runners, and other hourly service workers from May 1, 2006 until November 16, 2009." (Order, dated June 3, 2011, Docket No. 198.)

On September 8, 2008, Jeska Sand, Christopher Schiffer, Patrizza Jimenez, and Carolina Korth filed a class action complaint against 230FA d/b/a/ 230 Fifth Avenue and 230 Fifth Avenue Rooftop Garden ("230 Fifth") and its owner, Steven Greenberg.[1] Declaration of Justin M. Swartz in Supp. of Pls.' Mot. for Final Approval of Judgment, Class Representative Service Awards, Retaliation Payment, and Attorneys' Fees and Costs ("Swartz Decl.") ¶ 4. In their Second Amended Complaint, Plaintiffs alleged that 230 Fifth subjected them and others similarly situated to several policies that violated the FLSA and NYLL, including unlawfully taking a "tip credit" and failing to pay the full minimum wage, requiring workers to pool their tips without their consent, misappropriating "service charges" that Defendants charged their customers and that their customers reasonably believed would go to the service staff, failing to pay for all hours worked, including off-the-clock hours, failing to pay "spread-of-hours pay," and failing to maintain accurate time records. Swartz Decl. Ex. A (2d Am. Compl.) ¶¶ 102-55.

---

[1] On August 7, 2008, Jessica Llonch, represented by Joseph & Herzfeld LLP, filed a class action complaint against 230 Fifth and Steven Greenberg in the Southern District of New York alleging FLSA and NYLL violations. Because both the *Llonch* and *Sand* cases were virtually identical, the parties agreed to prosecute their claims in one action. On December 1, 2008, Ms. Llonch withdrew her complaint and on October 28, 2008, Plaintiffs filed a First Amended Complaint in *Sand*, adding Ms. Llonch as an additional named plaintiff. *See* Swartz Decl. ¶ 4 n.1.

Plaintiff Sarah Sanders also alleged that Defendants retaliated against her for participating in this action when they refused to hire her back for the new season. *Id.* ¶¶ 156-75.

In April 2009, the parties agreed to the issuance of Court-authorized notice to potential opt-in plaintiffs under the FLSA, 29 U.S.C. § 216(b). Swartz Decl. ¶ 6. Notice was issued and 91 individuals opted in to the case. *Id.*

On November 12, 2009, Defendants served Plaintiffs with a Rule 68 Offer of Judgment for $525,000 plus attorneys' fees and costs. *Id.* ¶ 9 & Ex. B. On November 16, 2009, Plaintiffs accepted Defendants' offer. *Id.* ¶ 11 & Ex. C. The same day, Defendants requested that the Court intervene and hold that their offer included attorneys' fees and costs. *Id.* ¶ 12 & Ex. D. On January 7, 2010, the Court held that the $525,000 Offer did not include attorneys' fees and costs. *Sand v. Greenberg*, No. 08 CV 7840, 2010 WL 69359, at *4 (S.D.N.Y. Jan. 7, 2010). In doing so, the Court noted that before entering final judgment, it would need to determine the fairness of the $525,000 Proposed Judgment. *Id.* at *5.

On July 6, 2010, Plaintiffs filed a Motion for Preliminary Approval of the Judgment and a Motion to Certify the Proposed Class. Docket Nos. 172-177. Defendants filed a response to both motions on August 13, 2010, and Plaintiffs filed a reply on November 19, 2010. Docket Nos. 179-180, 185-186. On March 22, 2011, the Court granted preliminary approval of the judgment, class certification, and appointment of class counsel, and scheduled a fairness hearing for October 5, 2011. Docket No. 191. On June 3, 2011, the Court issued a modified order approving Plaintiffs' Proposed Notice to the Class, directing its distribution to the class, and endorsing Plaintiffs' proposed Approval Process. Docket No. 198. On July 13, 2011, the Court "so ordered" a stipulation requiring Defendants' counsel to deposit $850,000 into an account at Cooley LLP for Class Counsel's fees and costs through April 26, 2011, and to pay up to an

additional $20,000 for fees and costs incurred after April 26, 2011. Docket No. 201. On September 21, 2011, Defendants agreed to pay the additional $20,000 in exchange for a representation, which Class Counsel made, that Class Counsel would seek no further fees in this matter. Swartz Decl. ¶ 19.

The parties engaged in extensive and frequently contested discovery. Each side served written discovery requests and interrogatories. Swartz Decl. ¶ 7. Plaintiffs deposed seven present and former employees of 230 Fifth, as well as Defendant Greenberg, interviewed dozens of class members as well as Defendants' customers, and obtained supportive declarations. *Id.* Plaintiffs also obtained and analyzed volumes of hard copy and electronic time and payroll records, as well as other documents. *Id.* Defendants deposed all Named Plaintiffs and one Opt-in Plaintiff. *Id.* On several occasions, the parties' unresolved discovery disputes required Court intervention. *Id.*

The parties engaged in settlement negotiations, both formal and informal, on numerous occasions. Early in the case, on January 14, 2009 and again on March 13, 2009, the parties attended formal mediation sessions. Swartz Decl. ¶ 8. The sessions were unsuccessful and the parties agreed to resume active litigation. *Id.* Settlement discussions continued on an informal basis throughout 2009. *Id.* On February 17, 2010, the parties attended a third formal mediation. *Id.* ¶ 15. This mediation, limited to the question of Plaintiffs' attorneys' fees, was unsuccessful, as were subsequent negotiations facilitated by Magistrate Judge Ronald L. Ellis. *Id.*

Having considered the Motion for Final Approval of Judgment, Class Representative Service Awards, Retaliation Payment to Plaintiff Sanders, and Attorneys' Fees and Costs, the supporting declarations, the oral argument presented at the October 5, 2011 fairness hearing, and

the complete record in this matter, for the reasons set forth therein and stated on the record at the October 5, 2011 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**APPROVAL OF THE JUDGMENT**

1. The Court approves the Proposed Judgment awarding $525,000 to the Class as certified in this Court's June 3, 2011 Order and modified by the Court's June 15, 2011 Order. Docket Nos. 198-199.

2. The Proposed Judgment satisfies the criteria for settlement approval under Federal Rule of Civil Procedure Rule 23, which are applicable to class-wide offers of judgment. ~~See Gordon v. Gouline, 81 F.3d 235, 239 (D.C. Cir. 1996).~~

3. The Court has reviewed the Proposed Judgment for both procedural and substantive fairness. ~~Procedural fairness depends on the negotiating process that led to the agreement, or, in this case, to the offer of judgment. See Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005).~~

4. The extensive litigation of this case, including broad and disputed discovery and multiple attempts at arm's-length negotiation, demonstrate that the parties have made the necessary evaluation and balancing considerations and reached informed conclusions that the Proposed Judgment is in the best interests of their clients. *See id.* (a "presumption of fairness, adequacy and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery") (internal quotation marks omitted).

5. ~~Evaluating the substantive fairness of the Proposed Judgment requires application of the same~~ nine factors that Courts use to evaluate proposed settlements, which are laid out in

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberg v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000). The Court has evaluated the Grinnell factors and has determined that they support approval of the Proposed Judgment.

6. Approving the Proposed Judgment is also appropriate as to the FLSA claims. The standard for approving resolution of FLSA claims is lower than that for claims brought under Rule 23. *See Torres v. Gristede's Operating Corp.*, No. 08 Civ. 8531, 2010 WL 5507892, at *6 (S.D.N.Y. Dec. 21, 2010). Resolution of FLSA claims does not implicate the same due process concerns as does a Rule 23 settlement because only individuals who have affirmatively joined the lawsuit in will be affected by an FLSA settlement. *Id.* The Court approves the Proposed Judgment as to the FLSA claims because the Court finds that it resulted from contested litigation and resolves *bona fide* disputes. *Id.*

7. The proposed service awards are approved as well. The requested service awards are reasonable given the significant contributions the Plaintiffs made to advance the prosecution and resolution of the lawsuit. Class representatives play a crucial role in bringing justice to those who would otherwise be hidden from judicial scrutiny, including low-wage workers. *See Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 80 (E.D.N.Y. 2008) (recognizing the important role class representatives play in "enabling plaintiffs to redress wrongs . . . .") (internal citations and quotation marks omitted). Accordingly, "[i]ncentive awards are not uncommon in class action cases . . . ." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005) (approving award of over $10,000 to class representative); *see also Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451 (S.D.N.Y. Aug. 16, 2011) (approving service awards of $15,000 to three

class representatives and $5,000 to fourth class representative in case challenging restaurant's tip and minimum wage policies).

8. The Court finds that the Plaintiffs took risks by putting their names on this lawsuit. Plaintiffs who sue their current employers risk retaliation, including the possible loss of a job. Plaintiffs who sue former employers risk blacklisting and other more subtle forms of retaliation. *See Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, 2007 WL 7232783, at *7 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers") (internal quotation marks omitted); *see also* Nantiya Ruan, *Bringing Sense to Incentive Payments: An Examination of Incentive Payments to Named Plaintiffs in Employment Discrimination Class Actions*, 10 Emp. Rts. & Emp. Pol'y J. 395 (2006).

9. The Plaintiffs also spent time and effort assisting Class Counsel in the prosecution of the litigation. They assisted Class Counsel's investigation and prosecution of the claims by providing detailed factual information regarding their job duties and information regarding Defendants' tip allocation and minimum wage policies and relevant documents in their possession, submitting declarations, informing putative class members of the lawsuit and encouraging them to join it, assisting counsel with mediation preparation, and sitting for depositions. Swartz Decl. ¶ 26.

10. ~~The size of the service awards in relation to the recovery in this case is in line with precedent.~~ The requested service awards total approximately 9.5% of the Class recovery, which is reasonable. *See Parker v. Jekyll & Hyde Ent'mt Holdings, L.L.C.*, No. 08 Civ. 7670, 2010 WL 532960, at *2 (S.D.N.Y. Feb. 9, 2010) (service awards totaled 11% of the recovery);

*Reyes*, No. 10 Civ. 6451 (S.D.N.Y. Aug. 16, 2011) (service awards totaled approximately 16.6% of the settlement); and *Frank*, 228 F.R.D. at 187 (service award totaled approximately 8.4% of the settlement fund).

11. The amount of the requested service awards, $10,000 each, is also reasonable, given the risk the Plaintiffs' took and the effort they expended. *See, e.g., Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 WL 754862, at *7 (E.D.N.Y. Feb. 18, 2011) (approving service awards of $30,000, $15,000, and $7,500); *Torres*, 2010 WL 5507892, at *7 (approving service awards of $15,000 each in FLSA and NYLL overtime action); *Mentor v. Imperial Parking Sys., Inc.*, No. 05 Civ. 7993, 2010 WL 5129068, at *1-2 (S.D.N.Y. Dec. 15, 2010) (upholding $40,000 and $15,000 service awards in FLSA and NYLL wage and hour action); *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381, 2010 WL 2025106, at *9 (E.D.N.Y. Jan. 20, 2010) (approving service awards of $15,000 and $10,000 in wage and hour class action).

12. The $7,500.00 payment to Sarah Sanders to compensate her for her individual retaliation claim and her release of that claim is also approved. ~~See *Torres*, 2010 WL 5507892, at *8 (approving payments from class fund to settle individual retaliation claims).~~ This additional payment is appropriate because Sanders has a live retaliation claim that she actually asserted in this proceeding – that Defendants failed to rehire her for the new season in retaliation for her participation in this litigation. No Class Member has objected to the retaliation payment. Swartz Decl. ¶ 27.

13. The parties have stipulated and this Court has "so ordered" that Defendants will pay attorneys' fees and costs of $850,000 plus accrued interest, in addition to the class fund, in compensation for Class Counsel's work and expenses through April 26, 2011. Defendants also agreed to pay an additional $20,000 for fees and costs in exchange for a representation, which

Class Counsel made, that Class Counsel would seek no further fees in this matter. The Court finds this amount, $870,000, to be fair and reasonable, given the heavily contested nature of this litigation and ~~the skill and expertise Class Counsel exhibited in prosecuting this action. See Clark v. Ecolab Inc., No. 04 Civ. 4488, 2010 WL 1948198, at *8-9 (S.D.N.Y. May 11, 2010).~~ [handwritten insertion: the parties agreement that the negotiated fee be paid]

[The following paragraph 14 is crossed out with a large X:]

14.  It is of no consequence that Plaintiffs' attorneys' fees exceed the amount of the class recovery. *See DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d Cir. 1985) (reversing district court's reduction of fee award because of size of recovery); *Allende v. Unitech Design, Inc.*, No. 10 Civ. 4256, 2011 WL 891445, at *1 (S.D.N.Y. Mar. 15, 2011) ("In FLSA cases . . . the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights.") It is common for attorneys' fees to exceed recoveries in FLSA and NYLL cases "by multiples" because of "the unique nature" of the claims. *See Roussel v. Brinker Int'l., Inc.*, No. H-05-3733, 2010 WL 1881898, at *11 (S.D. Tex. Jan. 13, 2010) (awarding attorneys' fees six times the amount of the judgment in an FLSA case). Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on "private attorneys general" as it does in the wage and hour context, attorneys who fill this role must be adequately compensated for their efforts. *deMunecas*, 2010 WL 3322580, at *8. Otherwise, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *Id.* Adequate compensation for attorneys who protect wage and hour rights furthers the remedial purpose of the FLSA and NYLL. *See Sand*, 2010 WL 69359, at *3 ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.")

14. ~~15.~~ Pursuant to the Court's July 13, 2011 Order, on the Effective Date of the Settlement, Cooley LLP, which is holding the attorneys' fees payment in escrow, shall cause the $850,000 plus any interest it has accrued to be paid to Outten & Golden LLP. Within 10 days of this Order, Defendants shall also deposit an additional $20,000 into the Cooley LLP account, which Cooley LLP shall pay to Outten & Golden LLP on the Effective Date.

15. ~~16.~~ Upon the Effective Date of the Settlement, the Claims Administrator shall cut and mail all checks to Class Members. The Claims Administrator shall also issue checks to Plaintiffs Jeska Sand, Christopher Schiffer, Patrizza Jimenez, Carolina Korth, and Jessica Llonch in the amount of $10,000 each as service awards. It shall also issue a check to Plaintiff Sarah Sanders in the amount of $7,500, in consideration for releasing her retaliation claim, which shall be in addition to the amount due to her as a Class Member.

16. ~~17.~~ The Court retains jurisdiction over this action for the purpose of enforcing its Orders and overseeing the distribution of settlement funds. The parties shall abide by all terms of this Court's Orders, which are incorporated herein, and this Order. The Clerk is directed to enter judgment in favor of Plaintiffs for $525,000 plus attorneys' fees and costs as set forth in this Order.

*[handwritten insertion: 17. This judgment shall not be construed as an admission of (a) liability on the part of the Defendants; or (b) that Plaintiffs (or any putative class or collective action member) have suffered any damage.]*

It is so ORDERED this 5th day of October, 2011.

*/s/ Paul A. Crotty*

Honorable Paul A. Crotty
United States District Judge

**ENDORSEMENT:**

**17. This judgment shall not be construed as an admission of (a) liability on the part of the Defendants; or (b) that Plaintiffs (or any punitive class or collective action member) have suffered any damage.**

10